STATE OF NORTH CAROLINA v. HUBERT CLINTON PENLAND

No. 8717SC822

(Filed 15 March 1988)

**Criminal Law § 141— habitual felon—separate punishment not permitted**

> The trial court erred in sentencing defendant in a separate judgment and commitment as an habitual felon; rather, the habitual felon status could only be used to enhance the punishment for the underlying substantive felony. N.C.G.S. § 14-7.6.

ON writ of certiorari to review the 7 January 1986 judgments of *Rousseau, Judge.* Judgments entered in Superior Court, STOKES County. Heard in the Court of Appeals 2 February 1988.

Defendant was charged in a proper bill of indictment with assault with a deadly weapon upon a law enforcement officer in violation of G.S. 14-34.2. Defendant was also charged in a separate bill of indictment as an habitual felon in violation of G.S. 14-7.1. On 7 January 1986, defendant pled guilty to the charges pursuant to a plea arrangement.

The court sentenced defendant to a term of eighteen years for the offense of being an habitual felon, and in a separate judgment and commitment sentenced him to a two-year concurrent sentence upon his conviction of assault with a deadly weapon upon a law enforcement officer. From the judgments entered, defendant gave timely notice of appeal.

On 22 January 1986, the Stokes County Clerk of Court's office informed defendant that his cases could not be appealed to the Court of Appeals. Defendant filed a petition for writ of certiorari in this Court on 15 May 1986. On 28 May 1986, defendant's petition was allowed in order to review the sentence imposed on the habitual felon conviction.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas D. Zweigart, for the State.*

*V. L. DeHart, Jr. for defendant appellant.*

ARNOLD, Judge.

In his sole assignment of error, defendant contends the trial court erred in considering the habitual felon charge as a separate

crime and in sentencing him separately as an habitual felon. We agree.

The only reason for establishing that an accused is an habitual felon is to enhance the punishment which would otherwise be appropriate for the substantive felony which he has allegedly committed while in such a status. *State v. Allen,* 292 N.C. 431, 233 S.E. 2d 585 (1977). Being an habitual felon is not a crime but is a status. *Id.* The status itself, standing alone, will not support a criminal sentence. *Id.* A court may not treat the violation of the Habitual Felon Act as a substantive offense. *State v. Thomas,* 82 N.C. App. 682, 347 S.E. 2d 494 (1986). Upon a conviction as an habitual felon, the court must sentence the defendant for the underlying felony as a Class C felon. G.S. 14-7.6; *State v. Aldridge,* 67 N.C. App. 655, 314 S.E. 2d 139 (1984).

In the present case, the trial court erred in sentencing defendant in a separate judgment and commitment as an habitual felon. Defendant is entitled to a new sentencing hearing in which the convictions for assault with a deadly weapon upon a law enforcement officer and being an habitual felon shall be treated as a single Class C felony.

The judgment finding defendant guilty of being an habitual felon is vacated. The judgment finding defendant guilty of assault with a deadly weapon upon a law enforcement officer is remanded for resentencing in accordance with this opinion.

Vacated and remanded for resentencing.

Judges PHILLIPS and COZORT concur.