STATE OF NORTH CAROLINA v. HERMAN ANTHONY RORIE

No. 330PA97

(Filed 8 May 1998)

**Criminal Law § 1324 (NCI4th Rev.)— first-degree murder— pretrial conference—prosecutor's failure to request— sanction—prohibition of capital trial—exceeding inherent authority**

The trial court's order prohibiting the State from seeking the death penalty in a first-degree murder prosecution as a sanction for the district attorney's failure to timely file a petition for a special pretrial conference as required by Rule 24 of the Rules of Practice for the Superior and District Courts exceeded the trial court's inherent authority to enforce the Rules of Practice since the order is potentially in conflict with the mandate of the General Assembly in the capital sentencing statute that evidence or lack of evidence of an aggravating circumstance dictates whether a defendant will be tried capitally or noncapitally for first-degree murder; the order impermissibly impinges on the district attorney's obligation under the North Carolina Constitution to prosecute all criminal actions in the superior courts of his district; and the order impermissibly limits the right of the people to

STATE v. RORIE

[348 N.C. 266 (1998)]

have defendant, if permitted by the evidence, prosecuted and punished to the full extent of the law for this crime. N.C. Const. art. IV, § 13; N.C. Const. art. IV, § 18; N.C.G.S. § 7A-34.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review an order entered by Beal, J., on 9 May 1996 in Superior Court, Mecklenburg County, granting defendant's motion to prohibit the State from seeking the death penalty. Heard in the Supreme Court 18 December 1997.

*Michael F. Easley, Attorney General, by Gail E. Weis, Assistant Attorney General, for the State-appellant.*

*Susan J. Weigand, Assistant Public Defender, and Jean B. Lawson, for defendant-appellee.*

PARKER, Justice.

The issue in this case is whether the trial court, as a sanction for the district attorney's violation of Rule 24 of the General Rules of Practice for the Superior and District Courts ("Rules of Practice"), exceeded its authority by prohibiting the State from seeking the death penalty where defendant is charged with first-degree murder. At the outset we note that an assistant district attorney signed the pleadings in this case and that this assistant along with another assistant district attorney appeared for the State at the pertinent hearing. As used in this opinion, the term district attorney refers to the elected district attorney and assistant district attorneys.

On 12 December 1995 defendant was arrested and charged with first-degree murder pursuant to a warrant for the 26 November 1995 murder of Marion Horton McIlwaine. On 13 December 1995 the Office of the Public Defender was appointed to represent defendant. On 24 January 1996 defendant waived his right to a probable cause hearing.

Over the next three months, defendant served multiple discovery requests upon the State but received no information in return. On 29 April 1996 defendant filed a motion to compel discovery and a motion to prohibit the State from seeking the death penalty on the ground that the State had not timely filed a petition for a special pretrial conference as required by Rule 24 of the Rules of Practice. The next day, 30 April 1996, the State provided defendant with a partial response to defendant's discovery requests and a copy of a petition for a Rule 24 conference.

**STATE v. RORIE**

[348 N.C. 266 (1998)]

On 1 May 1996 the trial court heard defendant's motions and on 9 May ordered the State to provide full discovery and sanctioned the State for the district attorney's Rule 24 violation by granting defendant's motion to prohibit the State from seeking the death penalty. In its order the trial court found, *inter alia*, that the superior court obtained jurisdiction of the case when defendant waived probable cause on 24 January 1996 and that on the day defendant filed his motion to prohibit the State from seeking imposition of the death penalty, ninety-seven days had passed since the superior court obtained jurisdiction. The trial court then concluded as follows:

> Based upon the foregoing FINDINGS OF FACT, the Court FINDS AS FACT AND CONCLUDES AS A MATTER OF LAW, that the most important purpose of Rule 24 is to assure that the Defendant has effective assistance of counsel and that on these facts, there has been a substantial violation of the defendant's rights to effective assistance of counsel by virtue of the state's failure to timely file its Rule 24 Petition and the Court will preclude the state from seeking the death penalty.

Thereafter, on 9 September 1996 defendant was indicted for first-degree murder, common law robbery, felonious breaking and entering, larceny of automobile, and three counts of habitual felon.

On 17 July 1997 the State petitioned this Court for a writ of certiorari, which was allowed, to review the trial court's 9 May 1996 interlocutory order precluding the State from seeking the death penalty.

Rule 24 of the Rules of Practice provides:

> There shall be a pretrial conference in every case in which the defendant stands charged with a crime punishable by death. No later than ten days after the superior court obtains jurisdiction in such a case, the district attorney shall apply to the presiding superior court judge or other superior court judge holding court in the district, who shall enter an order requiring the prosecution and defense counsel to appear before the court within forty-five days thereafter for the pretrial conference.

Gen. R. Pract. Super. and Dist. Ct. 24, Ann. R. N.C. 22 (1998). Rule 24 further outlines that the court and parties at the conference are to consider "the nature of the charges against the defendant," "the ex-

istence of evidence of aggravating circumstances," and "timely appointment of assistant counsel for an indigent defendant when the State is seeking the death penalty." *Id.* at 23. The Rule 24 conference is an administrative device designed to clarify the charges against the defendant and to assist the prosecutor, defense counsel, and the trial judge in determining whether sufficient evidence of an aggravating circumstance exists for the State to seek the death penalty and whether the defendant is entitled to assistant counsel under N.C.G.S. § 7A-450(b1). A defendant does not gain or lose any rights at the conference. *State v. Chapman*, 342 N.C. 330, 338-39, 464 S.E.2d 661, 666 (1995), *cert. denied*, ⸺ U.S. ⸺, 135 L. Ed. 2d 1077 (1996). Rule 24's ten-day time limitation clearly contemplates that cases which may be tried capitally are to be identified as early as possible in the process.

Conceding that the trial court had inherent authority to enforce Rule 24 of the Rules of Practice, the State contends that the order exceeded the scope of that inherent authority. The State argues that the order was inconsistent with the mandatory provisions of N.C.G.S. § 15A-2000 and that the order was not reasonably necessary to the administration of justice. For the reasons which follow, we agree that the trial court's order exceeded the scope of its inherent authority.

Article IV, Section 13 of the North Carolina Constitution provides:

(2) *Rules of Procedure.* The Supreme Court shall have exclusive authority to make rules of procedure and practice for the Appellate Division. The General Assembly may make rules of procedure and practice for the Superior Court and District Court Divisions, and the General Assembly may delegate this authority to the Supreme Court. No rule of procedure or practice shall abridge substantive rights or abrogate or limit the right of trial by jury. If the General Assembly should delegate to the Supreme Court the rule-making power, the General Assembly may, nevertheless, alter, amend, or repeal any rule of procedure or practice adopted by the Supreme Court for the Superior Court or District Court Division.

Pursuant to this provision of the state Constitution, the legislature enacted the following statute:

The Supreme Court is hereby authorized to prescribe rules of practice and procedure for the superior and district courts sup-

plementary to, and not inconsistent with, acts of the General Assembly.

N.C.G.S. § 7A-34 (1995).

Read together, these two provisions vest in the General Assembly the authority to promulgate rules of procedure for the superior courts and limit this Court's rule-making authority for the superior court to rules which are not inconsistent with acts of the General Assembly. Similarly, enforcement of the Rules of Practice promulgated by this Court cannot be effected in a manner inconsistent with the Constitution or acts of the General Assembly.

In discussing the inherent powers of a court, this Court has stated:

"[T]he inherent powers of a court do not increase its jurisdiction but are limited to such powers as are essential to the existence of the court and necessary to the orderly and efficient exercise of its jurisdiction." *Hopkins v. Barnhardt*, 223 N.C. 617, 619-20, 27 S.E.2d 644, 646 (1943). In order for a court's power to be inherent, "it must be such as is reasonably necessary for the exercise of its proper function and jurisdiction in the administration of justice and such as is not granted or denied to it by the Constitution or by a constitutionally enacted statute." Mallard, *Inherent Power of the Courts of North Carolina*, 10 Wake Forest L. Rev. 1, 13 (1974).

*State v. Gravette*, 327 N.C. 114, 124, 393 S.E.2d 865, 871 (1990) (alteration in original).

Under Article IV, Section 18 of the North Carolina Constitution, "[t]he District Attorney shall . . . be responsible for the prosecution on behalf of the State of all criminal actions in the Superior Courts of his district." In exercising this obligation, the district attorney is authorized, consistent with the evidence, to prosecute to the full extent of the law. Moreover, the people of the State, not the district attorney, are the party in a criminal prosecution. N.C. Const. art. IV, § 13(1); *see also Simeon v. Hardin*, 339 N.C. 358, 368, 451 S.E.2d 858, 865 (1994).

While the district attorney has broad discretion to decide in a homicide case whether to try a defendant for first-degree murder, second-degree murder, or manslaughter, *State v. Lawson*, 310 N.C. 632, 643-44, 314 S.E.2d 493, 500-01 (1984), *cert. denied*, 471 U.S. 1120, 86 L. Ed. 2d 267 (1985), the district attorney has no discretion to

decide whether to try a defendant capitally or noncapitally for first-. degree murder. N.C.G.S. § 15A-2000 (1997); *State v. Britt*, 320 N.C. 705, 710, 360 S.E.2d 660, 662 (1987). Evidence or lack of evidence of an aggravating circumstance, not the district attorney's discretion, dictates whether the defendant tried for first-degree murder will be subject to a capital sentencing proceeding if convicted or adjudicated guilty of the capital felony. *Id.*

In the instant case, at the hearing on defendant's motion to prohibit imposition of the death penalty, the district attorney did not indicate whether there was evidence to support an aggravating circumstance. Both parties' briefs in this Court recite that defendant was subsequently indicted for felonious breaking and entering, common law robbery, and larceny of automobile in connection with the murder, thus suggesting that evidence of an aggravating circumstance enumerated in N.C.G.S. § 15A-2000(e) may exist.

Under the trial court's order, notwithstanding what evidence of an aggravating circumstance or circumstances may exist, the district attorney is precluded from trying defendant capitally for first-degree murder. However, under the capital sentencing statute, the district attorney cannot try defendant noncapitally for first-degree murder if evidence of an aggravating circumstance exists. Thus, the trial court's order is potentially in conflict with the mandate of the General Assembly in the capital sentencing statute and impermissibly impinges on the district attorney's obligation under the North Carolina Constitution to prosecute all criminal actions in the superior courts of his district. The order also impermissibly limits the right of the people to have defendant, if permitted by the evidence, prosecuted and punished to the full extent of the law for this most serious crime. For these reasons the sanction imposed for the district attorney's violation of a rule for the superior court promulgated by this Court pursuant to N.C.G.S. § 7A-34 exceeds the court's inherent authority to enforce the Rules of Practice, and the order cannot stand.

In reaching this conclusion, we appreciate that the trial court, without any previous guidance from this Court, was conscientiously fashioning a sanction which would both get the district attorney's attention and eliminate any possible prejudice to defendant resulting from the district attorney's failure to petition for the required hearing within the time prescribed. We remind the district attorneys that Rule 24 of the Rules of Practice is mandatory. Repeated violations of the rule manifesting willful disregard for the fair and expeditious prose-

cution of capital cases may result in citation for contempt pursuant to N.C.G.S. § 5A-11(7) or other appropriate disciplinary action against the district attorney.

REVERSED.