STATE OF NORTH CAROLINA v. COLLINS STEPHANIE WILSON, Defendant

No. COA99-709

(Filed 15 August 2000)

## 1. Criminal Law— habitual felon—punishment—jury not informed at principle felony trial

The trial court did not err by not allowing defendant to argue to the jury at the first phase of the trial the possible punishment he faced as an habitual felon. Although a criminal defendant has the right to inform the jury of the punishment that may be imposed upon conviction, that principle does not support extrapolation to the right to inform the jury during a principal felony trial of the possible sentence upon an habitual felon adjudication. Statutory provisions that an habitual felon trial be subsequent and separate from the principal felony trial and that an habitual felon indictment be revealed only upon conviction of the princi-

STATE v. WILSON

[139 N.C. App. 544 (2000)]

pal felony offense logically preclude argument of habitual felon issues during the principal felony trial. Moreover, the proof necessary during a principal felony trial and an habitual felon proceeding is different and distinct, and the bifurcated procedure precludes prejudice to defendant and confusion by the jury.

**2. Constitutional Law— habitual felon—prosecutorial discretion—separation of powers—no violation**

The trial court did not err by denying defendant's motion to dismiss an habitual felon indictment as violating North Carolina constitutional provisions concerning separation of powers on the ground that the prosecutor infringed upon the power of the General Assembly to determine the parameters of criminal sentences by choosing whether to punish defendant under the Structured Sentencing Act or the Habitual Felon Act. Furthermore, defendant did not argue and the evidence does not reflect an improper motive by this prosecutor in the decision regarding these charges. N. C. Const. art. I, § 6.

**3. Sentencing— habitual felon—status rather than crime—sentence enhancement—no separate judgment**

Defendant's motion for appropriate relief should have been granted and both the court's judgment finding defendant guilty of being an habitual felon and imposing sentence and the sentences imposed upon the underlying convictions of felonious breaking and entering and felonious larceny were vacated and remanded for resentencing where the trial court imposed the habitual felon sentence in a separate judgment and directed that the principal felony sentence run at the expiration of the habitual felon sentence. Being an habitual felon is not a crime but a status and the status only will not support a criminal sentence. Upon conviction as an habitual felon, the court must sentence defendant for the underlying felony as a Class C felon; here, defendant was improperly sentenced with a Prior Record Level of I on the Class H felonies.

Appeal by defendant from judgments entered 10 February 1999 by Judge C. Preston Cornelius in Moore County Superior Court. Heard in the Court of Appeals 20 April 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Bruce T. Cunningham, Jr., for defendant-appellant.*

**STATE v. WILSON**

[139 N.C. App. 544 (2000)]

JOHN, Judge.

Defendant appeals judgments entered upon conviction by a jury of felonious breaking or entering and felonious larceny and upon the jury's further adjudication of defendant as an habitual felon. In addition, defendant has filed a motion for appropriate relief with this Court asserting error in the sentencing process. We hold the trial court committed no error at trial, but grant defendant's motion for appropriate relief regarding sentencing.

Defendant was convicted of the above-referenced offenses by a jury at the 8 February 1999 Criminal Session of Moore County Superior Court. The trial court thereupon imposed an active minimum term of one hundred thirty-three months and a maximum term of one hundred sixty-nine months imprisonment upon the habitual felon charge (the habitual felon sentence), and in a separate judgment consolidated the breaking and entering and larceny offenses and imposed a minimum active term of six months and a maximum term of eight months imprisonment to begin at the expiration of the habitual felon sentence. Defendant appeals.

Initially, we note defendant's appellate brief includes no argument addressed to assignments of error two and four. Those assignments of error are therefore deemed abandoned, *see* N.C.R. App. P. 28(b)(5) ("[a]ssignments of error not set out in the appellant's brief . . . will be taken as abandoned"), and we do not discuss them.

Additionally, defendant's fifth and sixth assignments of error asserting constitutional issues have not been preserved for appellate review. The record is devoid of any affirmative indication that defendant raised in the trial court his current arguments based upon the Law of the Land Clause of the North Carolina Constitution, N.C. Const. art. I, § 19, when requesting certain jury instructions.

> [I]t has long been the rule that we will not decide at the appellate level a constitutional issue or question which was not raised or considered in the trial court.

*Peace River Electric Cooperative v. Ward Transformer Co.*, 116 N.C. App. 493, 506, 449 S.E.2d 202, 212 (1994) (citing *Tetterton v. Long Manufacturing Co.*, 314 N.C. 44, 47-48, 332 S.E.2d 67, 69 (1985)), *disc. review denied*, 339 N.C. 739, 454 S.E.2d 655 (1995); *see also Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) (where theory urged on appeal not raised in trial court, "the law does not permit par-

ties to swap horses between courts in order to get a better mount [on appeal]"). Accordingly, we likewise do not address defendant's fifth and sixth assignments of error.

[1] Defendant first maintains

> the trial court erred in not allowing [him] to argue to the jury at the first phase of the trial the possible punishment [he] faced as an habitual felon.

This contention is unfounded.

Prior to final argument by counsel at the felonious breaking or entering and felonious larceny trial (the principal felony trial), defendant sought the trial court's permission to inform the jury that, upon conviction, he might subsequently be subject to a maximum punishment of two hundred ten months imprisonment as an habitual felon. Defendant asserted that

> in order to enable the jury to appreciate the seriousness of their responsibility . . . they should be informed of the consequences of . . . their verdict

in the principal felony trial. The trial court denied defendant's request, noting he "ha[d] not been declared an habitual felon yet by the Court or by the jury." We hold the trial court did not err in its ruling.

N.C.G.S. § 14-7.5 (1999) prescribes the bifurcated habitual felon determination process as follows:

> The indictment that the person is an habitual felon shall not be revealed to the jury unless the jury shall find that the defendant is guilty of the principal felony or other felony with which he is charged. *If the jury finds the defendant guilty of a felony*, the bill of indictment charging the defendant as an habitual felon may be presented to the same jury. Except that the same jury may be used, *the proceedings shall be as if the issue of habitual felon were a principal charge*. If the jury finds that the defendant is an habitual felon, the trial judge shall enter judgment according to the provisions of this Article. If the jury finds that the defendant is not an habitual felon, the trial judge shall pronounce judgment on the principal felony or felonies as provided by law.

G.S. § 14-7.5 (emphasis added); *see State v. Cheek*, 339 N.C. 725, 729, 453 S.E.2d 862, 864 (1995) ("trial for the substantive felony is held

first, and only after defendant is convicted of the substantive felony is the habitual felon indictment revealed to and considered by the jury"); *see generally State v. Patton*, 342 N.C. 633, 635, 466 S.E.2d 708, 709 (1996) ("requirement in G.S. § 14-7.3 that the habitual felon indictment be a separate document from the predicate felony indictment is consistent with the bifurcated nature of the trial").

Although defendant accurately maintains a criminal defendant has the right to "inform the jury of the punishment that may be imposed upon conviction of the crime for which he is being tried," *State v. Walters*, 33 N.C. App. 521, 524, 235 S.E.2d 906, 908-09 (1977) (citing N.C.G.S. § 7A-97 (1999)), *aff'd*, 294 N.C. 311, 240 S.E.2d 628 (1978), this principle does not support defendant's extrapolation therefrom of the right to inform the jury, during a principal felony trial, of the possible maximum sentence which might be imposed upon an habitual felon adjudication. *Walters* pointedly permits apprising the jury only of "the punishment that may be imposed upon conviction of the *crime for which he is being tried." Id.*

Further, the statutory provisions that an habitual felon trial be held subsequent and separate from the principal felony trial, and that an habitual felon indictment be revealed to the jury *only* upon conviction of the principal felony offenses, *see* G.S. § 14-7.5, logically preclude argument of issues pertaining to the habitual felon proceeding, specifically and particularly including punishment, during the principal felony trial. *See State v. Todd*, 313 N.C. 110, 120, 326 S.E.2d 249, 255 (1985) ("a defendant's 'trial' on the issue of whether defendant should be sentenced as an habitual offender [is] analogous to the separate sentencing hearing . . . to determine punishment").

Next, the bifurcated procedure set forth in G.S. § 14-7.5, separating the principal felony trial from the habitual felon proceeding, avoids possible prejudice to the defendant and confusion by the jury considering the principal felony with issues not pertinent to guilt or innocence of such offense, notably the existence of the prior convictions necessary for classification as an habitual felon, and further precludes the jury from contemplating what punishment might be imposed were defendant convicted of the principal felony and subsequently adjudicated an habitual felon. *See Todd*, 313 N.C. at 117, 326 S.E.2d at 253 (" 'while notice [of the habitual felon charge] is given [to defendant] before pleading, only the allegation of the present crime is read and proved to the jury at the first trial, preventing any prejudice due to the introduction of evidence of prior convictions before the trier of guilt for the present offense' ") (quoting *Recidivist*

*Procedures*, 40 N.Y.U. L. Rev. 332, 348 (1965)), and *Oyler v. Boles*, 368 U.S. 448, 452, 7 L. Ed. 2d 446, 450 (1962) ("the determination of whether one is an habitual criminal is essentially independent of the determination of guilty on the underlying substantive offense . . . [therefore] although the habitual criminal issue may be combined with the trial of the felony charge, it is a distinct issue, and may appropriately be the subject of a separate determination") (citations omitted).

Finally, the proof necessary during a principal felony trial is different and distinct from that required in the habitual felon proceeding. During the former, the State must prove beyond a reasonable doubt each essential element of the charged principal offense. During the latter, on the other hand, the State must prove the defendant was "convicted of or pled guilty to three felony offenses" within an allotted time frame. N.C.G.S. § 14-7.1 (1999); *see State v. Mason*, 126 N.C. App. 318, 322, 484 S.E.2d 818, 820-21 (1997) (during habitual felon trial "defendant is not defending himself against the predicate substantive felony, but against the charge that he has been previously convicted of the required number of felonies"). Although the

> original or certified copy of the court record [of prior convictions] . . . shall be *prima facie* evidence that the defendant named therein is the same as the defendant before the court [charged as a habitual felon] . . . [and] of the facts set out therein,

N.C.G.S. § 14-7.4 (1999), the defendant may contest any prior conviction relied upon by the State to establish habitual felon status by presenting to the jury evidence indicating he was not the perpetrator of such felony or certified court records reflecting such conviction was otherwise inaccurate or flawed.

In short, considering the statutory provisions, authorities and public policy noted above, we hold the trial court did not err in denying defendant's request to argue to the jury the punishment he might receive as an habitual felon if found guilty of the principal offenses.

[2] Defendant next contends the trial court erred by denying his motion to dismiss the habitual felon indictment. Defendant argued to the trial court and reiterates on appeal his contention that the habitual felon provisions of G.S. §§ 14-7.1 *et seq.* (the Habitual Felon Act) violate North Carolina Constitution art. I, § 6 ("legislative, executive, and . . . judicial powers of the State government shall be forever separate and distinct") by

authoriz[ing] the District Attorney, in his sole and unrestricted discretion, to decide whether to enhance the legislatively prescribed punishment for a certain crime.

Specifically, defendant claims the prosecutor *sub judice* possessed the "unfettered discretion" either to punish defendant under the Structured Sentencing Act, *see* N.C.G.S. §§ 15A-1340.10 *et seq.* (1999), for the Class H felonies of breaking or entering and larceny, *see* G.S. § 15A-1340.17, N.C.G.S. § 14-54(a) (1999) and N.C.G.S. § 14-72 (1999), or to indict and try defendant pursuant to the Habitual Felon Act so as to achieve an enhanced sentence. According to defendant, the prosecutor was thereby allowed to infringe upon the prerogative of the General Assembly which bears the "responsibility to establish the parameters of criminal sentences within which judges may exercise limited discretion." As a consequence, defendant concludes, "a[ny] person with more than three non-overlapping felony convictions can be punished either as a Class H felon or a Class C felon" as the prosecutor may elect.

Our courts have held the procedures set forth in the Habitual Felon Act comport with a criminal defendant's federal and state constitutional guarantees. *See State v. Hairston*, 137 N.C. App. 352, 354, 528 S.E.2d 29, 31 (2000) (citing *Todd*, 313 N.C. at 118, 326 S.E.2d at 253), and *State v. Hodge*, 112 N.C. App. 462, 468, 436 S.E.2d 251, 255 (1993) (upholding Habitual Felon Act against due process, equal protection, and double jeopardy challenges). Further, the clear mandate of North Carolina Constitution art. IV, § 18, stating

[t]he District Attorney shall . . . be responsible for the prosecution on behalf of the State of all criminal actions in the Superior Courts of his district,

N.C. Const. art. IV, § 18, is that "the responsibility and authority to prosecute all criminal actions . . . is vested solely," *State v. Camacho*, 329 N.C. 589, 593, 406 S.E.2d 868, 871 (1991), with the various elected district attorneys.

It is well established that

there may be selectivity in prosecutions and that the exercise of this prosecutorial prerogative does not reach constitutional proportion unless there be a showing that the selection was deliberately based upon "an unjustifiable standard such as race, religion or other arbitrary classification."

*State v. Lawson*, 310 N.C. 632, 644, 314 S.E.2d 493, 501 (1984) (quoting *State v. Cherry*, 298 N.C. 86, 103, 257 S.E.2d 551, 562 (1979), *cert. denied*, 446 U.S. 941, 64 L. Ed. 2d 796 (1980)), *cert. denied*, 471 U.S. 1120, 86 L. Ed. 2d 267 (1985).

For defendant to have prevailed on his motion, therefore, he must have shown that the instant "prosecutorial system was motivated by a discriminatory purpose and had a discriminatory effect." *State v. Garner*, 340 N.C. 573, 588, 459 S.E.2d 718, 725 (1995) (citing *Wayte v. United States*, 470 U.S. 598, 84 L. Ed. 2d 547 (1985)), *cert. denied*, 516 U.S. 1129, 133 L. Ed. 2d 872 (1996); *see Oyler*, 368 U.S. at 456, 7 L. Ed. 2d at 453 ("conscious exercise of some selectivity" by prosecutor in application of West Virginia recidivist statute not, in itself, denial of equal protection absent selection deliberately based upon "unjustifiable standard such as race, religion, or other arbitrary classification"); *see generally Garner*, 340 N.C. at 588, 459 S.E.2d at 725 ("only limitation on [district attorney's] discretion [in first-degree murder cases] . . . is that the decision to prosecute capitally may not be deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification"), and *State v. Rorie*, 348 N.C. 266, 270-71, 500 S.E.2d 77, 80 (1998) (prosecutor is accorded broad discretion to try a defendant for first-degree murder, second-degree murder, or manslaughter in homicide case, but has no discretion to try a defendant capitally or noncapitally for first-degree murder due to expressed provisions of N.C.G.S. § 15A-2000 (1999) specifically controlling such issue).

Upon careful review of the record, we hold defendant has neither argued nor does any evidence reflect an improper motive by the prosecutor *sub judice* in the decision regarding the charges upon which defendant was indicted and tried. Indeed, called as a witness by defendant, the district attorney testified as to the general policies of his office as follows:

> anyone who is eligible to be indicted as an habitual felon is indicted as such . . . . [O]nce a person is indicted as an habitual felon there is not a dismissal taken of that unless there is an evidentiary reason to do so.

The trial court did not err in denying defendant's motion to dismiss.

[3] In conclusion, we consider defendant's motion for appropriate relief. The motion alleges the trial court erred in imposing the habitual felon sentence in a separate judgment from the principal felony

convictions, and directing that the latter sentence run at the expiration of the habitual felon sentence. We agree.

In responding to defendant's motion, the State concedes that he correctly asserts an

> habitual felon conviction is not a separate crime for which a defendant can be separately sentenced, but that the trial court must sentence a convicted habitual felon for the underlying felony as a Class C felon.

*See State v. Penland,* 89 N.C. App. 350, 351, 365 S.E.2d 721, 721-22 (1988) ("[u]pon a conviction as an habitual felon, the court must sentence the defendant for the underlying felony as a Class C felon"). The State adds that the trial court improperly "sentenced defendant with a Prior Record Level of I on the Class H felonies."

In *Penland,* this Court held:

> [t]he only reason for establishing that an accused is an habitual felon is to enhance the punishment which would otherwise be appropriate for the substantive felony which he has allegedly committed while in such a status. Being an habitual felon is not a crime but is a status. The status itself, standing alone, will not support a criminal sentence. A court may not treat the violation of the Habitual Felon Act as a substantive offense.

*Id.* (citations omitted).

To be brief, the trial court's judgment "finding defendant guilty of being an habitual felon," *id.,* and imposing sentence thereon was erroneous and must be vacated, *see id.* The sentences imposed upon defendant's convictions of felonious breaking or entering and felonious larceny must likewise be vacated and remanded for resentencing. *See id.* Upon remand, the court shall calculate defendant's proper prior record level pursuant to N.C.G.S. § 15A-1340.14 (1999) and shall impose sentences upon the "the underlying felon[ies] as . . . Class C felon[ies]," *Penland,* 89 N.C. App. at 351, 365 S.E.2d at 722; *see also State v. Kirkpatrick,* 89 N.C. App. 353, 354-55, 365 S.E.2d 640, 641-42 (1988) (where defendant initially improperly sentenced to term of fifteen years upon habitual felon "conviction" and term of three years upon felonious possession of stolen property conviction, imposition following remand of fifteen year sentence upon felonious possession conviction affirmed, notwithstanding provisions of N.C.G.S. § 15A-1335 (1999) precluding new sentence in excess of

prior sentence upon conviction set aside on appeal, because statute "does not apply to prevent the imposition of a more severe sentence" when "trial court is required by [Habitual Felon Act] to impose a particular sentence" on resentencing).

No error in part; vacated and remanded in part.

.    Judges WYNN and HORTON concur.