STATE OF NORTH CAROLINA v. JOHN HENRY STITT

No. COA00-1063

(Filed 6 November 2001)

## 1. Criminal Law–continuance to examine withheld evidence— denied–intangible hope of exculpatory evidence–insufficient

The trial court did not abuse its discretion by denying a continuance for defendant to examine evidence withheld by the State (a hat) after granting a motion in limine to exclude the hat. Defendant's intangible hope, not based on known facts, that an inspection of the hat would provide exculpatory evidence is insufficient to warrant reversal.

## 2. Discovery— testimony about excluded evidence— permissible

The trial court did not err in a cocaine prosecution by allowing testimony about the hat in which the cocaine was found after excluding the hat because the State had failed to produce it during discovery. The decision of whether to impose sanctions and which sanctions to impose is within the sound discretion of the trial court. Presuming that defendant realized that he had lost his hat while escaping, he must have known that the charge against him could only have resulted from discovery of the cocaine in the hat, and he had ample reason to know that the hat was an integral part of the incident and that the deputy would likely testify about the hat. The court's decision not to sanction the State by prohibiting that testimony was not an abuse of discretion. N.C.G.S. § 15A-910.

## 3. Evidence— SBI admission sheet—discrepancy in date

The trial court did not err in a cocaine prosecution by admitting an SBI lab report where defendant was alleged to have possessed the narcotics on 23 October 1998 and the SBI admission sheet referred to narcotics obtained on 28 October 1998. Any

inconsistency went to the credibility of the evidence and not to its admissibility.

**4. Evidence— redirect examination—scope—detail not elicited on direct or cross**

The court did not abuse its discretion in a cocaine prosecution by allowing on redirect examination certain testimony which defendant contended was beyond the scope of direct or cross-examination. The trial judge has the discretion to permit relevant evidence which could have been brought out on direct examination; in this case, the subject of the redirect examination was an additional detail about an incident which had been addressed in depth during direct and cross-examination.

**5. Appeal and Error— preservation of issues—no citation to authority—case of first impression**

An assignment of error was not deemed abandoned where defendant did not cite authority in support of his argument because there was no such authority. It was sufficient that defendant stated an argument; otherwise, the ability of parties to bring cases of first impression would be inhibited.

**6. Sentencing— habitual felon—admission of prior plea transcripts**

There was no error in the admission of prior plea transcripts in the habitual felon phase of a trial where the transcripts were admitted only after defendant's conviction of the principal crimes. Defendant failed to explain how the admission of the transcripts confused the jury or created prejudice in such a way as to affect their verdict.

**7. Evidence— cocaine—deputy's opinion—lab report subsequently admitted**

There was no prejudice in a cocaine prosecution in the admission of a deputy's opinion that he found in defendant's hat a substance which he thought was crack cocaine where a lab report identifying the substance as cocaine was properly admitted.

Appeal by defendant from judgments entered 31 March 2000 by Judge Sanford L. Steelman, Jr. in Union County Superior Court. Heard in the Court of Appeals 17 September 2001.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General John P. Barkley, for the State.*

*Bobby Khan for defendant-appellant.*

HUNTER, Judge.

John Henry Stitt ("defendant") was charged and convicted of one count of felony possession of a Schedule II controlled substance (cocaine), one count of resisting a public officer, and one count of being an habitual felon. Defendant received a prison sentence of 144 to 182 months for the two felony charges, and a sentence of sixty days for the misdemeanor offense of resisting a public officer. Defendant appeals from judgments entered against him on 31 March 2000. We hold there was no error at trial.

The evidence tended to establish the following facts. On 23 October 1998, defendant was walking on Spring Hill Drive in Union County at some time after midnight. Deputy Bill Shaw of the Union County Sheriff's Office was sitting in his patrol car when he saw defendant. Deputy Shaw was aware that there was an outstanding warrant for defendant's arrest, and therefore got out of his car and directed defendant to "come to the car." Defendant complied and walked to the patrol car. At that time, defendant was wearing a light blue ball cap with a "dark blue bill" and a "UNC Ram, Tar Heel emblem on it." Deputy Shaw ordered defendant to place his hands on the car, and as Deputy Shaw began to place handcuffs on defendant, defendant broke away and started running. Deputy Shaw chased after defendant and, while chasing him, observed defendant fall and then get up and continue running. Deputy Shaw also fell when he reached the same spot, tripping over a go-cart. Upon falling to the ground, Deputy Shaw noticed defendant's hat on the ground, but when he got up he continued to chase defendant. When Deputy Shaw saw defendant disappear into the woods, he stopped chasing defendant, returned to where they had both fallen, and picked up defendant's hat. He discovered a small, off-yellow, rock substance in the hat at that time, which he took to his car and placed in an evidence bag. Deputy Shaw wrote the date, 23 October 1998, on the evidence bag. However, when the evidence bag was sent to the State Bureau of Investigation ("SBI"), Deputy Shaw mistakenly wrote the date 28 October 1998 on the SBI submission sheet accompanying the evidence bag. The SBI performed a chemical analysis on the substance and determined that it was cocaine.

The pertinent procedural history is as follows. Prior to trial, on 13 July 1999, defendant filed a "Request for Voluntary Discovery," requesting the State to produce all discoverable materials pursuant to N.C. Gen. Stat. §§ 15A-902(a) and 15A-903 (1999), including "[a]ny physical evidence" and "[a]ny tangible objects, such as . . . personal property possessed by Defendant." On 29 March 2000, the day before trial, the State notified defendant for the first time that it was in possession of defendant's hat. Defendant filed a "Motion to Continue" asking the court for additional time in order to inspect the hat and to prepare for trial. Defendant also filed a "Motion in Limine" asking the court to exclude the hat as evidence. The trial court conducted a hearing and found that the State had failed to produce the hat during discovery without justification. The trial court granted defendant's motion in limine and ordered that the hat would be inadmissible as evidence; however, the court denied defendant's motion to continue.

[1] On appeal, defendant presents six assignments of error, accompanied by six corresponding arguments, for our review. Defendant has abandoned a seventh assignment of error by failing to present it in his brief. See N.C.R. App. P. 28(a). Defendant first argues that the trial court erred in denying his motion to continue. Generally, a trial court's ruling on a motion to continue will not be reversed absent an abuse of discretion. See State v. Brooks, 83 N.C. App. 179, 183, 349 S.E.2d 630, 633 (1986). Defendant argues that the trial court's denial of his motion to continue constitutes an abuse of discretion because it deprived him of an opportunity to inspect the hat for exculpatory evidence. However, a continuance is proper in such circumstances only "if there is a belief that *material* evidence will come to light and such belief is reasonably grounded on known facts," whereas "a mere intangible hope that something helpful to a litigant may possibly turn up affords no sufficient basis for delaying a trial." State v. Pollock, 56 N.C. App. 692, 693-94, 289 S.E.2d 588, 589, appeal dismissed and disc. review denied, 305 N.C. 590, 292 S.E.2d 573 (1982). Defendant's intangible hope, not based on known facts, that an inspection of the hat would provide exculpatory evidence is insufficient to warrant a reversal here.

Moreover, the trial court was not obligated to grant defendant's motion to continue as a result of the State's failure to produce the hat during discovery. In response to the State's failure to produce the hat, the trial court prohibited the State from introducing the hat in evidence at trial. This remedy is one of the permissible remedies set

forth in N.C. Gen. Stat. § 15A-910 (1999), and "[t]he choice of sanction, if any, rests within the discretion of the trial court." *State v. Browning*, 321 N.C. 535, 539, 364 S.E.2d 376, 378 (1988). Defendant has failed to demonstrate any abuse of discretion by the trial court in choosing to grant the motion in limine and deny the motion to continue. This assignment of error is overruled.

[2] Defendant next argues that the trial court erred by allowing Deputy Shaw to refer to the hat at trial because such testimony violated the trial court's order granting defendant's motion in limine. We disagree. In the first place, the trial court's order provided only that the hat itself would not be admissible in evidence, and did not prohibit the State from offering testimony regarding the hat. Nor was it error for the trial court to refuse to sanction the State by prohibiting any testimony regarding the hat. As noted above, the decision of whether to impose sanctions pursuant to N.C. Gen. Stat. § 15A-910, and which sanctions to impose, is within the sound discretion of the trial court and is not reviewable on appeal absent an abuse of discretion. *See State v. Herring*, 322 N.C. 733, 747-48, 370 S.E.2d 363, 372 (1988). Here, presuming that defendant realized that he had lost his hat while escaping from Deputy Shaw on 23 October 1998, defendant must have known that the charge against him—that he possessed a controlled substance on that date—could only have resulted from Deputy Shaw discovering the cocaine in his hat. Thus, defendant had ample reason to know from the outset that the hat was an integral part of the incident and that Deputy Shaw would likely testify about the hat at trial. The court's decision not to sanction the State by prohibiting testimony about the hat was therefore not an abuse of discretion. This assignment of error is overruled.

[3] Defendant next argues that the trial court erred by admitting in evidence the SBI lab report, identifying the substance as cocaine, because there is a variance between the allegation that defendant possessed the substance on 23 October 1998, and the SBI submission sheet which refers to narcotics obtained on 28 October 1998. Defendant argues that, because of the variance between the date of the alleged offense and the date on the SBI submission sheet, the SBI lab report should have been excluded from evidence because it "bears no relevance to an offense occurring on October 23, 1998." Defendant also states in his brief that his argument "does not depend on the chain of custody," but relates only to the relevance of the SBI lab report and its admissibility.

STATE v. STITT

[147 N.C. App. 77 (2001)]

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.R. Evid. 401. We believe the SBI lab report was "relevant evidence" and was properly admitted. Deputy Shaw testified: that he found the substance in defendant's hat and placed it in a clear evidence bag and sealed the bag; that he wrote the date of the offense, 23 October 1998, on the evidence bag, and then inadvertently wrote the date 28 October 1998 on the SBI submission sheet because the "3" on the evidence bag looked like an "8"; that he sent the evidence bag to the SBI on 11 January 1999 in an envelope with his initials; and that the evidence was in his sole care, custody and control between the time he found the substance and the time he sent it to the SBI. Special Agent Irvin Lee Allcox of the SBI Crime Laboratory in Raleigh testified as an expert witness to the following: that the sealed evidence bag containing the evidence was received by the SBI on 14 January 1999 and was analyzed on 15 January 1999; that the chemist who analyzed the evidence prepared a lab report, and the results of the analysis showed the substance to be a free-base form of cocaine, commonly referred to as "crack cocaine"; and that the evidence was then placed back in the evidence bag which was sealed and returned to the Union County Sheriff's Office.

We do not believe that the date on the SBI submission sheet has the effect of creating a variance between the charged offense and the evidence presented at trial. Rather, the date on the submission sheet merely amounts to an *inconsistency* in the evidence presented at trial. The State offered a reasonable explanation for the inconsistency in the evidence, and the jury was entitled to accept or reject that explanation. *See State v. Upright*, 72 N.C. App. 94, 100, 323 S.E.2d 479, 484 (1984) (holding that inconsistency in the evidence goes to credibility of the evidence and that it is within province of jury to determine weight to be accorded the evidence), *disc. review denied*, 313 N.C. 513, 329 S.E.2d 400, *cert. denied*, 313 N.C. 610, 332 S.E.2d 82 (1985). We hold that the SBI submission sheet constituted relevant evidence and was properly admitted, and that any inconsistency in the evidence went to the credibility of the evidence and not to its admissibility. This assignment of error is overruled.

[4] By his fourth assignment of error, defendant argues that the trial court erred by allowing certain testimony to be elicited by the State on redirect examination of Deputy Shaw. Specifically, defendant argues that Deputy Shaw was not questioned on either direct or

cross-examination regarding the duration of time that elapsed between the time that Deputy Shaw stopped chasing defendant and the time that he picked up defendant's hat. Thus, defendant argues, the court erred in overruling defendant's objection to the following question put to Deputy Shaw by the State on redirect examination: "How much time passed between the time that you got to that tree line and . . . turned around and came back?" After the court overruled defendant's objection, Deputy Shaw responded, "[m]aybe three minutes at the most." This redirect examination was not erroneous. "Although the rule is that redirect examination cannot be used to repeat direct testimony or to introduce an entirely new matter, the trial judge has discretion to permit counsel to introduce relevant evidence which could have been, but was not brought out on direct." *State v. Locklear*, 60 N.C. App. 428, 430, 298 S.E.2d 766, 767 (1983). There was no abuse of that discretion here where the subject of the redirect examination simply involved an additional detail about the incident in question, and where the incident had already been addressed in depth during direct and cross-examination. This assignment of error is overruled.

**[5]** By his next assignment of error, defendant argues that the trial court erred by allowing into evidence during the habitual felon phase of the trial three "transcript of plea" forms relating to defendant's three prior felony convictions. Defendant argues that the transcripts contained irrelevant and highly prejudicial information about defendant's criminal history, which information created unfair prejudice in the minds of the jurors and should have been excluded pursuant to Rule 403 of the North Carolina Rules of Evidence. *See* N.C.R. Evid. 403 ("Rule 403"). The State in its brief argues only that defendant's assignment of error should be deemed abandoned pursuant to Rule 28(b)(5) of the Rules of Appellate Procedure as a result of defendant's failure to cite any authority. *See* N.C.R. App. P. 28(b)(5) ("Rule 28(b)(5)").

We first note that the State's reading of Rule 28(b)(5) has previously been rejected by this Court. Rule 28(b)(5) states, in pertinent part, "[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." This rule sets out two scenarios in which an assignment of error may be deemed abandoned: (1) where it is not set out in the appellant's brief, or (2) where no reason or argument is stated or authority cited in support of the assignment of error. *Strader v. Sunstates Corp.*, 129 N.C. App. 562, 567, 500 S.E.2d

752, 755, *disc. review denied,* 349 N.C. 240, 514 S.E.2d 274 (1998). "The first requires the party to direct the court to the appropriate assignment of error in the record and the second requires the party to cite authority *or* to make a legal argument for the extension or modification of the law." *Id.* at 567-68, 500 S.E.2d at 755 (emphasis added). The State's interpretation of the rule, that an assignment of error is necessarily deemed abandoned if no authority is cited, cannot be endorsed because it "would inhibit the ability of parties to bring cases of first impression before the appellate courts." *Id.* at 568, 500 S.E.2d at 755.

Here, our research indicates that there is no existing authority directly supporting defendant's argument that certain information, appearing in the transcript of plea forms admitted during the habitual felon phase, was prejudicial to defendant and should have been excluded by the trial court pursuant to Rule 403. For this reason, defendant's failure to cite authority in support of this proposition does not result in abandonment of the assignment of error. It is sufficient that defendant has stated an argument, especially since defendant has properly cited to the rule that he would have us extend to this context, namely Rule 403.

[6] However, we find the assignment of error to be without merit. Section 14-7.5 of our General Statutes requires that "an habitual felon trial be held subsequent and separate from the principal felony trial, and that an habitual felon indictment be revealed to the jury *only* upon conviction of the principal felony offenses." *State v. Wilson,* 139 N.C. App. 544, 548, 533 S.E.2d 865, 868, *appeal dismissed and disc. review denied,* 353 N.C. 279, 546 S.E.2d 394 (2000); *see* N.C. Gen. Stat. § 14-7.5 (1999). As this Court has previously explained,

the bifurcated procedure set forth in G.S. § 14-7.5, separating the principal felony trial from the habitual felon proceeding, *avoids possible prejudice to the defendant and confusion by the jury* considering the principal felony with issues not pertinent to guilt or innocence of such offense, notably the existence of the prior convictions necessary for classification as an habitual felon, and further precludes the jury from contemplating what punishment might be imposed were defendant convicted of the principal felony and subsequently adjudicated an habitual felon.

*Wilson,* 139 N.C. App. at 548, 533 S.E.2d at 868-69 (emphasis added) (citing *State v. Todd,* 313 N.C. 110, 117, 326 S.E.2d 249, 253 (1985)).

**STATE v. STITT**

[147 N.C. App. 77 (2001)]

Here, the plea transcripts in question were admitted only after defendant was convicted of the offenses of felony possession of cocaine and resisting a public officer. Moreover, "[i]n all cases where a person is charged . . . with being an habitual felon, the record or records of prior convictions of felony offenses shall be admissible in evidence, *but only for the purpose of proving that said person has been convicted of former felony offenses.*" N.C. Gen. Stat. § 14-7.4 (1999) (emphasis added). Defendant has failed to explain how the admission of prior plea transcripts during the habitual felon phase of the trial could have created prejudice or confused the jury in such a way as to affect the jury's verdict on whether defendant had been convicted of certain former felony offenses. This assignment of error is overruled.

[7] In his final argument, defendant contends that the State failed to lay a proper foundation for the admission of Deputy Shaw's testimony identifying the substance found in defendant's hat as cocaine. The testimony in question consisted of Deputy Shaw's statement that he found "[a]n off yellow rock substance which [he] *thought* to be a cocaine, crack cocaine." (Emphasis added.) The trial court overruled defendant's objection to this testimony. Defendant acknowledges that this assignment of error has merit only if it is first determined that the SBI lab report, identifying the substance as cocaine, should have been excluded from evidence. This is because, if the SBI evidence was properly admitted, there is no reasonable possibility that the admission of Deputy Shaw's statement affected the outcome of the trial, since such testimony would be merely cumulative of the SBI evidence. *See* N.C. Gen. Stat. § 15A-1443(a) (1999); *State v. Jones,* 329 N.C. 254, 259, 404 S.E.2d 835, 837 (1991). Since we have determined that the SBI lab report was properly admitted, this assignment of error is without merit and is overruled.

No error.

Chief Judge EAGLES and Judge HUDSON concur.