STATE OF NORTH CAROLINA v. KENNETH RICHARD JOHNSON, Defendant

No. COA06-1552

(Filed 6 November 2007)

## 1. Constitutional Law— separation of powers—habitual DWI statute—prosecutorial discretion

Defendant's argument that the habitual DWI statute violates separation of powers, based on prosecutorial discretion, has been rejected in a case involving the Habitual Felon Act. Defendant neither argued nor does the evidence reflect an improper motive by the prosecutor.

## 2. Search and Seizure— traffic stop—improper tags sufficient

Improper license tags provided sufficient cause to stop defendant, and the trial court did not err by denying defendant's motion to suppress the resulting evidence of driving while impaired.

## 3. Witnesses— lay opinion—intoxication of another

A lay person may testify that a person is impaired, in his or her opinion, if that opinion is based on personal observation. The trial court did not err in a driving while impaired prosecution by allowing a deputy to testify that defendant was impaired where there was no dispute that the deputy personally observed defendant and that she based her opinion on those observations.

## 4. Motor Vehicles— driving while impaired—sufficiency of evidence

There was sufficient evidence of driving while impaired to go to the jury where defendant failed the field sobriety tests, his eyes were bloodshot and his speech slurred, there was an empty can of beer in his car and he admitted to having had four beers, and he refused to take an intoxilyzer test.

Appeal by defendant from judgment entered 22 June 2006 by Judge David S. Cayer in Guilford County Superior Court. Heard in the Court of Appeals 7 June 2007.

*Attorney General Roy Cooper, by Special Counsel Isaac T. Avery, III, for the State.*

*Daniel F. Read, for defendant.*

ELMORE, Judge.

On 14 November 2004, Deputy Stacey Jarrell of the Guilford County Sheriff's Department noticed a red Ford Mustang parked diagonally. Kenneth Richard Johnson (defendant) "entered the vehicle, he put the car in reverse; he backed up a little bit; he put it in park; he went forward a little bit; then he put it in reverse again; backed up a little bit, and then put it in park and drove away." Deputy Jarrell testified that "[t]here was nothing obstructing the vehicle" that would necessitate such maneuvers. Deputy Jarrell noticed that the Mustang had Ohio license tags; she ran the tags and discovered that the license was registered to a Chevrolet, not a Ford. Accordingly, she stopped defendant and requested his license and registration. Defendant stated that his license was suspended. He produced a title that, despite having been signed over thirty days earlier, had not been filed with the Department of Motor Vehicles.

Deputy Jarrell smelled a moderate odor of alcohol and observed that defendant's eyes were bloodshot and that his speech was slurred. She also noticed that there was an empty beer can in the car. Responding to the deputy's questions, defendant stated that he had consumed four beers and provided a false name.

Because Deputy Jarrell was still in training, another deputy came to administer standardized field sobriety tests to defendant. Defendant was not able to stand on one foot past a count of seven and required the use of his arms for balance. He also was unable to successfully complete the walk and turn test; he swayed when he walked, could not walk heel to toe, stepped off the line, and had to use his hands for balance. Based on her observations, Deputy Jarrell formed the opinion that defendant was appreciably impaired by alcohol and placed him under arrest. Deputy Jarrell then brought defendant to High Point. Defendant was read his rights regarding an Intoxilyzer test, which he refused to take.

Defendant was indicted for habitual Driving While Impaired (DWI), giving false information to an officer, Driving While License Revoked (DWLR), and improper license plate.[1] A jury found defendant guilty of habitual DWI, and judgment was entered against defendant. It is from this judgment that he now appeals.

[1] Defendant first claims that the habitual DWI statute "violates the separation of powers between the branches of government and

---

1. The trial court subsequently dismissed all of the charges but the habitual DWI.

is an unconstitutional delegation of legislative authority to the executive branch." He appears to rest this contention on the fact that the District Attorney is allowed to exercise discretion in enforcing the law. Thus, as the State succinctly phrases it, defendant's argument appears to be "one about prosecutorial discretion."

This Court has recently rejected an almost identical argument regarding the Habitual Felon Act. *See State v. Wilson*, 139 N.C. App. 544, 550-51, 533 S.E.2d 865, 869-70 (2000) (addressing N.C. Gen. Stat. §§ 14-7.1 *et seq.* (2000)). In that case, we stated;

> It is well established that there may be selectivity in prosecutions and that the exercise of this prosecutorial prerogative does not reach constitutional proportion unless there be a showing that the selection was deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification.

*Id.* at 550, 533 S.E.2d at 870 (quotations and citations omitted).

In this case, as in *Wilson*, "[u]pon careful review of the record, we hold defendant has neither argued nor does any evidence reflect an improper motive by the prosecutor *sub judice* in the decision regarding the charges upon which defendant was indicted and tried." *Id.* at 551, 533 S.E.2d at 870. Accordingly, defendant's first argument is without merit.

[2] Defendant next suggests that the trial court erred in denying his motion to suppress based on his claim that there was insufficient cause or suspicion to stop his car. Though defendant notes that the trial court denied his motion based on the presence of the fictitious tag, which he does not dispute, he nevertheless pursues an argument that the stop was made without sufficient cause. This argument is untenable and entirely lacking in reason. The improper tags, standing alone, gave the deputies sufficient cause to stop defendant. *See, e.g., State v. Gray*, 55 N.C. App. 568, 571, 286 S.E.2d 357, 360 (1982) (holding that expired temporary tags were sufficient cause to justify a stop). This argument is completely without merit.

[3] Next, defendant claims that the trial court erred in allowing Deputy Jarrell to testify as to her opinion that defendant was impaired. This, too, is incorrect. " '[A] lay person may give his opinion as to whether a person is intoxicated so long as that opinion is based on the witness's personal observation.' " *State v. Streckfuss*, 171 N.C. App. 81, 89, 614 S.E.2d 323, 328 (2005) (quoting *State v. Rich*, 351 N.C. 386, 398, 527 S.E.2d 299, 306 (2000)) (alteration in original). There is

no dispute that Deputy Jarrell personally observed defendant and that she based her opinion on those observations. Defendant's contention has no merit.

[4] Finally, defendant suggests that the trial court erred in denying his motion to dismiss for insufficient evidence. Though he represents to this Court that there was nothing to suggest that he was driving under the influence of alcohol except a license plate and bad parking, the record paints a much different picture. Defendant failed the field sobriety tests. His eyes were bloodshot and his speech slurred. There was an empty can of beer in his vehicle and defendant admitted to having had four beers. Defendant refused to take an Intoxilyzer test. All of these facts, viewed in the light most favorable to the State, support sending this case to the jury. Having conducted a thorough review of the record and briefs, we can discern no error in defendant's trial.

No error.

Judges STEELMAN and STROUD concur.