An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-872

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA,

v.

JASON WYLIE JOHNSON,
    Defendant.

Rowan County
Nos. 11 CRS 054373, 004870

Appeal by defendant from judgment entered 20 February 2013 by Judge W. Erwin Spainhour in Rowan County Superior Court. Heard in the Court of Appeals 6 January 2014.

> *Roy Cooper, Attorney General, by Allison A. Angell, Assistant Attorney General, for the State.*
>
> *Richard J. Costanza, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant Jason Wylie Johnson was indicted for misdemeanor larceny and felonious breaking or entering a motor vehicle (principal felony). He also was later indicted as a habitual felon. A jury found defendant guilty of the principal felony, and he then entered a guilty plea to the habitual felon charge.

The facts relevant to the issue on appeal are that Jerry

Dean, a North Carolina Alcohol Law Enforcement agent, observed defendant break into a car belonging to Jason Carey. Agent Dean spoke with Mr. Carey who reported that a GPS, camera, purse, and car jack were missing from his car. When Agent Dean confronted defendant, he admitted to taking the items out of Mr. Carey's car and said that they were in his vehicle.

During the charge conference for the principal felony trial, defendant sought to introduce into evidence a signed plea transcript and have the court accept his guilty plea to the habitual felon charge. The trial court refused to accept the signed plea transcript and defendant's plea. Defendant further explained that he wanted to introduce the plea so his habitual felon status would not be speculative, and he could inform the jury that he faced a minimum of 66 months in prison if found guilty of the principal felony. The trial court again denied defendant's motion.

The jury was instructed as to the elements of the principal felony and returned a guilty verdict. The trial court then accepted defendant's guilty plea to the habitual felon charge and sentenced him to 90 to 117 months in prison. Defendant appeals.

_____

Defendant asserts that during his closing argument for the

principal felony trial, he should have been allowed to inform the jury, without mentioning the word "habitual," that if found guilty of the principal felony he faced a minimum sentence of 66 months in prison because of his habitual felon status. We disagree.

Defendant's argument is based on N.C.G.S. § 7A-97, which provides that "[i]n jury trials the whole case as well of law as of fact may be argued to the jury." N.C. Gen. Stat. § 7A-97 (2013). In this case, the trial court's ruling involved a question of law because it refused to allow defendant to argue a point of law to the jury which N.C.G.S. § 7A-97 allows. As a result, we apply a de novo standard of review. *See State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011). Under de novo review, we "consider the matter anew and freely substitute [our] own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (internal quotation marks omitted).

Defendant acknowledges, in his brief, that we have previously rejected similar arguments in *State v. Wilson*, 139 N.C. App. 544, 533 S.E.2d 865, *disc. review denied*, 353 N.C. 279, 546 S.E.2d 394 (2000), *appeal after remand*, 149 N.C. App. 233, 562 S.E.2d 304 (2002), and *State v. Dammons*, 159 N.C. App. 284, 583 S.E.2d 606, *disc. review denied*, 357 N.C. 579, 589

S.E.2d 133 (2003), *cert. denied*, 541 U.S. 951, 158 L. Ed. 2d 382 (2004). Defendant, however, argues that this case is distinguishable because he "effectively admitted to his habitual felon status before closing arguments," and he did not intend to use the word "habitual" in his closing argument. To determine the merits of these distinctions, we review *Wilson* and *Dammons*.

In *Wilson*, the defendant argued that he should have been allowed to inform the jury during his closing argument at the principal felony trial that if found guilty of the principal felony he might face a maximum of 210 months in prison because of his habitual felon status. *Wilson*, 139 N.C. App. at 547, 533 S.E.2d at 868. In *Wilson*, we concluded that the defendant could not "argue to the jury the punishment he might receive as a[] habitual felon if found guilty of the principal offense." *Id.* at 549, 533 S.E.2d at 869. In reaching this conclusion, we observed that a defendant does have "the right to inform the jury of the punishment that may be imposed upon conviction of the *crime for which he is being tried*." *Id.* at 548, 533 S.E.2d at 868 (emphasis added) (internal quotation marks omitted). However, this principle does not stand for the proposition that a defendant can "inform the jury, during a principal felony trial, of the possible maximum sentence which might be imposed upon a[] habitual felon adjudication." *Id.*

We further noted that, N.C.G.S. § 14-7.5 requires bifurcation of the principal felony trial and the habitual felon trial. *Id.* This bifurcation achieves three purposes. First, it prevents arguments relating to habitual felon status during the principal felony trial because the habitual felon "indictment [is] revealed to the jury *only* upon conviction of the principal felony." *Id.* Second, bifurcation avoids potential prejudice "and further precludes the jury from contemplating what punishment might be imposed were defendant convicted of the principal felony and subsequently adjudicated a[] habitual felon." *Id.* at 548, 533 S.E.2d at 868-69. Finally, bifurcation allows for two different standards of proof in the principal felony trial and the habitual felon trial. *Id.* at 549, 533 S.E.2d 869.

In *Dammons*, the defendant sought to inform the jury during his closing argument that if found guilty of the principal felony he would be sentenced as a Class C felon because of his status as a habitual felon. *Dammons*, 159 N.C. App. at 295, 583 S.E.2d at 613. The defendant argued that his situation differed from *Wilson* because he had been previously adjudicated a habitual felon, and, as a result, he could not relitigate his habitual felon status. *Id.* at 296, 583 S.E.2d at 613. The defendant in *Dammons*, however, did litigate his habitual felon

status, and we held that *Wilson*'s holding that a defendant cannot argue the punishment he might receive if found guilty of a principal felony precluded the defendant's argument. *Id.*

While defendant argues that his case is unlike *Wilson* and *Dammons* because he "effectively admitted to his habitual felon status before closing arguments" in the principal felony trial by introducing a plea transcript and his plea to the habitual felon charge, we do not find that this distinction warrants a different result. In *Wilson*, we clearly recognized that N.C.G.S. § 14-7.5 establishes an order of proceedings which requires that the principal felony trial take place before the habitual felon trial. *Wilson*, 139 N.C. App. at 548, 533 S.E.2d at 868. Therefore, defendant's distinction is without merit because he could not plead to the habitual felon charge before the completion of the principal felony trial.

Defendant further attempts to distinguish *Wilson* by asserting that the concern in *Wilson* was that the defendant would reveal the existence of the habitual felon indictment to the jury, and, in this case, defendant was not going to use the word "habitual" in his closing argument. While in *Wilson* we did note that a habitual felon indictment is revealed to a jury only after a defendant is found guilty of the principal felony, this observation was used to explain that there must be a verdict in

the principal felony trial before addressing a defendant's habitual felon status. Hence, this distinction is without merit regardless of whether the word "habitual" is used, because the language of N.C.G.S § 14-7.5 "logically preclude[s] argument of issues pertaining to the habitual felon proceeding, specifically and particularly including punishment, during the principal felony trial." *Id.* Therefore, defendant's attempts to distinguish his case are without merit and we find no error.

No Error.

Judges ERVIN and McCULLOUGH concur.

Report per Rule 30(e).