STATE OF NORTH CAROLINA v. JAMES CASTLE THOMAS

No. 7318SC764

(Filed 19 December 1973)

1. Narcotics § 4— possession — heroin residue in bottle cap
    Evidence tending to show that defendant had possession of a bottle cap containing a heroin residue was sufficient to support defendant's conviction of possession of heroin in violation of G.S. 90-95(a)(3) since the statute makes it unlawful for any person to possess heroin without regard to the amount involved.

2. Narcotics § 3— possession — usable quantity

The trial court in a prosecution for possession of heroin did not err in refusing to permit defense counsel to question an SBI chemist as to "what is a usable quantity of heroin" and in refusing to instruct the jury that they must find defendant not guilty if they found he "merely possessed useless traces or residue of narcotics."

3. Narcotics § 3— possession — exhibiting defendant's arms to jury

In a prosecution for possession of heroin wherein defendant denied on cross-examination that he had "track marks" on his arms, the trial court did not err in requiring defendant, at the solicitor's request, to take off his jacket and exhibit his arms to the jury since the presence of such marks on defendant's arms was relevant to show his knowledge of and familiarity with the drug he was charged with possessing.

4. Narcotics § 3— exhibiting defendant's arms to jury second time

In this posecution for possession of heroin, requirement that defendant exhibit his arms to the jury a second time, while disapproved, did not constitute prejudicial error.

5. Narcotics § 3— no prejudice from mere question

In prosecution for possession of heroin, no prejudice resulted from the mere fact that defendant was asked whether he had been shot "over dope," no answer to the question being shown in the record.

APPEAL by defendant from *Lupton, Judge,* 12 February 1973 Criminal Session of Superior Court held in GUILFORD County.

Defendant was charged by indictment, proper in form, with felonious possession of heroin, a violation of G.S. 90-95 (a) (3). He pled not guilty. The State's evidence in substance showed: On the evening of 31 October 1972 two Greensboro Police Officers were on a stakeout watching for a certain automobile for which they held a search warrant. They observed the suspect car come to a stop near the curb and saw defendant walk up to it and engage in conversation with someone in the car. As the officers closed in, defendant stepped back from the car and, taking his left hand out of his pocket, dropped a bottle cap onto the ground. The officers retrieved the bottle cap, which was later delivered to the SBI laboratory in Raleigh. An SBI chemist testified that the residue in the bottle.cap contained the substance heroin. On cross-examination the chemist testified that he would estimate the weight of the residue in the bottle cap at "a few milligrams," and that while he did not quantitate the residue, "only a small part of it was heroin."

State v. Thomas

The jury returned a verdict of guilty, and judgment was imposed sentencing defendant to prison for the term of two years with directions that he be given treatment for drug addiction. From this judgment, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Parks H. Icenhour for the State.*

*Frye, Johnson & Barbee by Walter T. Johnson, Jr., for defendant appellant.*

PARKER, Judge.

[1] Appellant contends that he was entitled to nonsuit on the grounds that the State's evidence disclosed that he possessed at most only a tiny amount of the substance heroin and that possession of such a small quantity should not be considered an offense under G.S. 90-95 (a) (3). That statute, however, makes it unlawful for any person to possess "a controlled substance included in any schedule" of the North Carolina Controlled Substances Act without regard to the amount involved. It may be, as defendant contends, that possession of a mere trace of a controlled substance is not in itself one of the evils sought to be suppressed by the Controlled Substances Act. Nevertheless, to interpret the statute as defendant here contends would require that we amend it, a legislative rather than a judicial function. We find no error in denial of defendant's motion for nonsuit.

[2] What we have said above also disposes of appellant's assignments of error directed to the trial court's actions in sustaining the solicitor's objection when defendant's counsel sought to question the SBI chemist as to "[w]hat is a usable quantity of heroin" and in refusing to instruct the jury that they must find defendant not guilty if they found he "merely possessed useless traces or residue of narcotics." The North Carolina Controlled Substances Act as now written simply does not limit its strictures to possession of "usable" or any other specific quantities of the forbidden substances.

[3] During cross-examination of the defendant the solicitor asked, without objection, if he did not have "track marks" on his arms. This the defendant denied. At the solicitor's request and over defendant's objection, the court then required defendant to take off his jacket and exhibit his arms to the jury. In

---

State v. Thomas

---

this we find no error. The presence of such marks on defendant's arms was relevant to show his knowledge of and familiarity with the type of drug which he was charged with possessing in this case. Possession of a bottle cap containing a residue as described in the evidence in this case by a person unfamiliar with the uses of heroin might well be consistent with innocent possession because of lack of knowledge by the possessor of the contraband nature of the article possessed. Possession of such an article by one sophisticated in the use of drugs is quite another matter. Evidence of the marks on defendant's arms was admissible as being relevant to show his prior knowledge. 1 Stansbury's N. C. Evidence, Brandis Revision, § 92. The evidence being relevant, the court committed no error in requiring defendant to show his arms to the jury. *State v. Sanders,* 280 N.C. 67, 185 S.E. 2d 137; *Neely v. United States,* 2 F. 2d 849 (4th Cir. 1924).

[4] Appellant complains because the court, at the solicitor's urging and over defendant's objection, required him to exhibit his arms to the jury a second time. While we do not approve of this procedure, we do not find it so prejudicial as to warrant requiring a new trial in this case.

[5] Defendant, explaining the marks on his arms, testified he had been fed intravenously while hospitalized as result of having been shot by a friend during the course of an argument over money he owed. Whereupon the solicitor asked: "Didn't he shoot you over dope?" Defendant's counsel objected to the question, and while the record shows no ruling on the objection, neither does it show that any answer was given. Without passing upon the propriety of the question on this appeal, we do hold that no prejudicial error has been made to appear from the mere fact that it was asked.

We have carefully reviewed all of appellant's remaining assignments of error and find them without merit. In defendant's trial we find no prejudicial error.

No error.

Judges BRITT and VAUGHN concur.