STATE OF NORTH CAROLINA v. AARON BERNARD BROWN

No. COA00-1039

(Filed 18 September 2001)

**Sentencing— double jeopardy—Habitual Felons Act—structured sentencing**

The use of the Habitual Felons Act under N.C.G.S. § 14-7.1 et. seq. in combination with structured sentencing under N.C.G.S. § 15A-1340.10 et. seq. to enhance defendant's sentence for possession with intent to sell and deliver marijuana as a result of his being an habitual felon does not violate double jeopardy because: (1) the statutory scheme of these statutes ensures that a defend-

ant's prior convictions will not be used to simultaneously enhance punishment; and (2) the North Carolina Supreme Court has already concluded that our state's Habitual Felons Act conforms with the constitutional strictures dealing with double jeopardy.

Appeal by defendant from judgment entered 3 January 2000 by Judge Russell G. Walker, Jr. in Moore County Superior Court. Heard in the Court of Appeals 15 August 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Amy C. Kunstling, for the State.*

*Bruce T. Cunningham, Jr. for defendant-appellant.*

WALKER, Judge.

Defendant appeals his sentence for possession with intent to sell and deliver marijuana which was enhanced as a result of his being an habitual felon. Our review of the record reveals the following: On 16 May 2000, defendant pleaded guilty to possession with intent to sell and deliver marijuana and to being an habitual felon. Prior to the entry of this plea, the defendant moved the trial court to dismiss his habitual felon indictment arguing that the enhancement of his structured sentence through an application of habitual felon status violates his constitutional rights. After the trial court denied defendant's motion, he proceeded to enter a guilty plea. The trial court then imposed a sentence of 80 to 105 months based on defendant's status as an habitual felon and a calculated prior record level of IV.

At the outset, we note the State has filed a motion to dismiss the appeal contending that the defendant's entry of a guilty plea precludes his right to raise the constitutional issues presented in his appeal. *See* N.C. Gen. Stat. § 15A-1444(e) (1999); *see also State v. Young,* 120 N.C. App. 456, 459, 462 S.E.2d 683, 685 (1995) (holding where defendant pleaded guilty to being an habitual felon and did not move in the trial court to withdraw his guilty plea, defendant was not entitled to an appeal of right from the trial court's ruling). In response, the defendant has filed a petition for certiorari. We elect to grant review of the constitutional issue raised in the appeal. *See* N.C.R. App. P. 21(a)(1) (1999).

Defendant presents the following constitutional questions: First, whether N.C. Gen. Stat. § 14-7.1 et. seq. (Habitual Felons Act), when

used in conjunction with N.C. Gen. Stat. § 15A-1340.10 et. seq. (structured sentencing), violates the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the North Carolina Constitution by subjecting him to double jeopardy. Second, whether the Habitual Felons Act violates Article I, Section 6 of the North Carolina Constitution by granting to a district attorney the complete discretion to seek an enhancement of a statutorily prescribed sentence. This Court has recently rejected an identical challenge to the Habitual Felons Act as violating Article I, Section 6 of our State's constitution. *See State v. Wilson*, 139 N.C. App. 544, 550-51, 533 S.E.2d 865, 870 (2000). Accordingly, we limit our discussion to defendant's double jeopardy argument.

Our appellate courts have previously addressed double jeopardy challenges to this State's Habitual Felons Act. *See e.g. State v. Todd*, 313 N.C. 110, 117, 326 S.E.2d 249, 253 (1985) (holding the Habitual Felons Act alone did not violate double jeopardy); *State v. Mason*, 126 N.C. App. 318, 321, 484 S.E.2d 818, 820 (1997) (rejecting double jeopardy challenge to the Violent Habitual Felons Act); *State v. Stevenson*, 136 N.C. App. 235, 246, 523 S.E.2d 734, 740 (1999), *disc. rev. denied*, 351 N.C. 368, 543 S.E.2d 144 (2000) (also rejecting double jeopardy challenge to the Violent Habitual Felons Act). Notwithstanding this line of decisions, the defendant argues that the use of the Habitual Felons Act in combination with structured sentencing violates double jeopardy by twice enhancing his sentence. We disagree.

In reviewing the combined use of the Habitual Felons Act and structured sentencing, it is apparent our legislature anticipated such an argument as the defendant is now making. The statutory scheme of these statutes ensures that a defendant's prior convictions will not be used to simultaneously enhance punishment. N.C. Gen. Stat. § 14-7.6 specifically prohibits the State from using those prior "convictions used to establish a person's status as an habitual felon" to determine a defendant's prior record level for structured sentencing. N.C. Gen. Stat. § 14-7.6 (1999); *see also State v. Bethea*, 122 N.C. App. 623, 626, 471 S.E.2d 430, 432 (1996). Additionally, our Supreme Court, in *State v. Todd* addressed the constitutionality of this State's Habitual Felons Act and found the law to conform with the constitutional strictures dealing with double jeopardy, cruel and unusual punishment, and equal protection. *Todd*, 313 N.C. at 117, 326 S.E.2d at 253.

Based on our review of the record, we find the trial court properly determined defendant's status as an habitual felon and correctly

calculated his prior record level for structured sentencing. Further, neither structured sentencing nor the Habitual Felons Act was used to punish the defendant for his prior convictions. Rather, both laws were used to enhance the defendant's punishment for his current offense. Therefore, we conclude the Habitual Felons Act used in conjunction with structured sentencing did not violate the defendant's double jeopardy protections. Any further argument by the defendant regarding the punishment provided by each of these laws should be addressed to the legislature. Defendant's motion for appropriate relief is denied.

Affirmed.

Judges McGEE and HUDSON concur.