STATE OF NORTH CAROLINA v. DARIAN WAYNE PARKS, Defendant

No. COA00-1275

(Filed 16 October 2001)

**1. Appeal and Error— appealability—appeal following guilty plea—writ of certiorari**

A criminal defendant was entitled to appellate review after pleading guilty without withdrawing that plea where the Court of Appeals allowed his motion for a writ of certiorari.

**2. Sentencing— habitual felon—equal protection—selective prosecution**

Defendant's indictment as an habitual felon did not violate equal protection in that the district attorney of defendant's county prosecutes everyone eligible for prosecution as an habitual felon while similarly situated persons in other counties may not be prosecuted.

**3. Sentencing— habitual felon—no conflict with Structured Sentencing**

The Habitual Felon Act is not impliedly repealed by the later Structured Sentencing Act. Although defendant argues that the two acts are irreconcilable, the Structured Sentencing Act applies to all people committing misdemeanors or felonies as a mechanism for determining sentence while the Habitual Felon Act only attaches to a defendant who has committed three prior non-overlapping felonies and elevates that person's status within Structured Sentencing. Moreover, the Habitual Felon Act has been amended since Structured Sentencing and it is presumed that the General Assembly would not amend a statute it had repealed in a more recent statute.

Appeal by defendant from judgment entered 16 August 2000 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 15 August 2001.

*Attorney General Roy Cooper, by Special Deputy Attorney General Kathryn Jones Cooper, for the State.*

*Cunningham, Dedmond, Petersen & Smith, L.L.P., by Bruce T. Cunningham, Jr., for defendant-appellant.*

HUDSON, Judge.

Defendant appeals the denial of his motion to dismiss his indictment as an habitual felon in case number 99 CRS 2414. Defendant was found guilty of felonious larceny and felonious possession of stolen goods by a unanimous jury on 16 August 2000 in case number 98 CRS 4106. Defendant had attempted to steal a riding lawnmower from the parking lot of a Wal-Mart store, but was not able to get the mower off of the premises. Based upon defendant's previous felony convictions in 1990, 1992, and 1994, defendant was indicted as an habitual felon pursuant to North Carolina's Habitual Felon Act. *See* N.C. Gen. Stat. §§ 14-7.1 to -7.6 (1999). On the same day that the jury returned the verdict above, 16 August 2000, the trial court denied defendant's motion to dismiss the habitual felon indictment. Defendant was subsequently arraigned on the indictment and pled guilty to habitual felon status. The plea was accepted and the two cases consolidated for sentencing; defendant was sentenced to a minimum term of ninety-six months and a maximum term of 126 months. Defendant filed notice of appeal based on the same four arguments in defendant's motion to dismiss his indictment in case number 99 CRS 2414. We affirm.

[1] Before reaching defendant's four issues, we must first respond to the State's contention that defendant is not entitled to appellate review. Under N.C. Gen. Stat. § 15A-1444(e) (1999), a defendant is "not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court." In the present case, defendant entered a guilty plea in superior court and has not made a motion to withdraw that plea. *See id.* The State moved to dismiss this appeal; the defendant responded, and in the alternative, moved for a writ of certiorari. *Accord State v. Young,* 120 N.C. App. 456, 459, 462 S.E.2d 683, 685 (1995). Even though defendant pled guilty to the charge of being an habitual felon and did not attempt to withdraw that plea, we hereby allow the defendant's motion for a writ of certiorari in order to address the issues raised by defendant.

Defendant raised four issues in his motion to dismiss, which he brings forward on appeal: (1) whether the Habitual Felon Act violates the separation of powers clause found in Article I, Section 6 of the North Carolina Constitution, (2) whether the prosecution of defendant by the Moore County District Attorney violates defendant's right to equal protection pursuant to the Fourteenth Amendment of the United States Constitution, (3) whether the Structured Sentencing Act, N.C. Gen. Stat. § 15A-1340.10 to -1340.23 (1999), impliedly

repealed the Habitual Felon Act, and (4) whether the combined use of the Habitual Felon Act and the Structured Sentencing Act violates the Double Jeopardy Clause of the North Carolina Constitution and the United States Constitution.[1] The trial court denied the motion in open court, without going into detail.

The first issue, concerning separation of powers, was addressed by this Court in *State v. Wilson*, 139 N.C. App. 544, 533 S.E.2d 865, *appeal dismissed and review denied*, 353 N.C. 279, 546 S.E.2d 395 (2000), and the fourth issue concerning double jeopardy has been addressed by this Court in *State v. Brown*, 146 N.C. App. 299, —— S.E.2d —— (Sept. 18, 2001) (No. COA00-1039). We are bound by these opinions concerning separation of powers and double jeopardy, and affirm as to these issues. This opinion addresses the second and third issues raised on appeal: the equal protection claim and defendant's claim that the Structured Sentencing Act impliedly repealed the Habitual Felon Act.

[2] Defendant argues that his indictment as an habitual felon violates the equal protection clause of the Fourteenth Amendment of the United States Constitution. Defendant argues that because the District Attorney of Moore County has a policy of prosecuting all persons potentially eligible for habitual felon status, such persons are treated differently in Moore County from the way similarly situated persons are treated in other North Carolina counties, where they may or may not be prosecuted as habitual felons. Defendant argues that he belongs to a protected class of individuals that can be precisely described, and that a fundamental right is involved. As such, he argues, the Moore County prosecutor has violated his right to equal protection as protected by the Fourteenth Amendment of the United States Constitution. We do not agree.

Around the country and in this State habitual felon laws have withstood scrutiny when challenged on Fourteenth Amendment equal protection grounds. *See Oyler v. Boles*, 368 U.S. 448, 455-56, 7 L. Ed. 2d 446, 452-53 (1962) (upholding West Virginia's recidivism statute); *McDonald v. Massachusetts*, 180 U.S. 311, 45 L. Ed. 542 (1901) (upholding Massachusetts' recidivism statute). In *Oyler v.*

---

1. Although defendant has raised four separate legal issues, he has made only one assignment of error. As the Rules of Appellate Procedure require that each assignment of error be "confined to a single issue of law," the practice that would clearly comply with the rule would have been four assignments of error, one per issue. *See* N.C. R. App. P. 10(c)(1). However, in our discretion, we have allowed defendant's motion for writ of certiorari to address these issues. *See* N.C. R. App. P. 2.

*Boles*, the United States Supreme Court held that there was no valid challenge to West Virginia's recidivist statute (habitual felon act) on equal protection grounds unless the prosecutor indicted felons "based upon an unjustifiable standard such as race, religion, or other arbitrary classification." 368 U.S. at 456, 7 L. Ed. 2d at 453. North Carolina courts have reiterated this standard for determining whether a prosecutor's discretion is inappropriate. This Court held in *State v. Wilson*, that when a prosecutor makes a decision to prosecute, not applying some illegal standard or classification, he applies his discretion in a constitutional manner. *See Wilson*, 139 N.C. App. at 550-51, 533 S.E.2d at 870 (citing *State v. Garner*, 340 N.C. 573, 459 S.E.2d 718 (1995), *cert. denied*, 516 U.S. 1129, 133 L. Ed. 2d 872 (1996); *State v. Lawson*, 310 N.C. 632, 314 S.E.2d 493 (1984), *cert. denied*, 471 U.S. 1120, 86 L. Ed. 2d 267 (1985)). In *Wilson*, the defendant argued this issue on appeal; this Court declined to address it directly since it had not been raised in the trial court. However, in its discussion of the separation of powers, the Court explained the appropriate exercise of prosecutorial discretion under the Habitual Felon Act:

> Our courts have held the procedures set forth in the Habitual Felon Act comport with a criminal defendant's federal and state constitutional guarantees. *See State v. Hairston*, 137 N.C. App. 352, 354, 528 S.E.2d 29, 31 (2000) (citing [*State v.*] *Todd*, 313 N.C. at 118, 326 S.E.2d at 253), and *State v. Hodge*, 112 N.C. App. 462, 468, 436 S.E.2d 251, 255 (1993) (upholding Habitual Felon Act against due process, equal protection, and double jeopardy challenges). . . .
>
>  . . . .
>
> It is well established that
>
> there may be selectivity in prosecutions and that the exercise of this prosecutorial prerogative does not reach constitutional proportion unless there be a showing that the selection was deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification.

*Wilson*, 139 N.C. App. at 550, 533 S.E.2d at 870 (internal citations omitted). Here, the District Attorney for Moore County has exercised his discretion in deciding to prosecute all persons eligible for habitual felon status. We hold that the District Attorney of Moore County has not abused his prosecutorial discretion in deciding to seek indictments against all eligible individuals.

**[3]** Defendant's remaining argument, that the Structured Sentencing Act impliedly repeals the Habitual Felon Act, is based on defendant's contention that there exists an "irreconcilable conflict" between the two Acts. We find no "irreconcilable conflict" between the two Acts and note that North Carolina appellate courts have repeatedly upheld the use of the two Acts together, as long as different prior convictions justify each. *See e.g., State v. Todd,* 313 N.C. 110, 326 S.E.2d 249 (1985); *Wilson,* 139 N.C. App. 544, 533 S.E.2d 865; *State v. Truesdale,* 123 N.C. App. 639, 473 S.E.2d 670 (1996); *State v. Bethea,* 122 N.C. App. 623, 471 S.E.2d 430 (1996). *See also State v. Aldridge,* 76 N.C. App. 638, 640, 334 S.E.2d 107, 108 (1985) (noting that North Carolina's Habitual Felon Act is constitutional). Defendant argues that the two Acts are irreconcilable because the Habitual Felon Act punishes people who have committed non-overlapping felonies (felonies committed after the date of conviction for a previous felony) and the Structured Sentencing Act enhances punishment for people who commit overlapping felonies (felonies committed after the date of commission, but before the date of conviction for a previous felony). Defendant asserts that these two Acts reflect opposite public policies as to which type of felon is deserving of enhanced punishment, the non-overlapping repeat offender or the overlapping repeat offender. Consequently, defendant argues, the two schemes irreconcilably conflict with one another. We do not agree. We believe that the two Acts are different, but not conflicting. The Acts reveal that the General Assembly intended to enhance punishments for both types of repeat offenders, but by different means. Structured sentencing applies to all persons committing misdemeanors or felonies, as a mechanism for determining sentences based on the seriousness of the crime and the extent of the defendant's previous record. *See* N.C.G.S. §§ 15A-1340.10 to -1340.23. Habitual felon status only attaches to a defendant who has committed three prior non-overlapping felonies and is then convicted of a fourth felony. The Habitual Felon Act elevates the convicted person's status within Structured Sentencing so that the person is eligible for longer minimum and maximum sentences. *See* N.C.G.S. §§ 14-7.1 to -7.6.

Defendant cites *State v. Greer* for the principle that "repeal by implication is not a favored rule of statutory construction," but that a latter statute controls if the two statutes are truly irreconcilable. 308 N.C. 515, 518, 302 S.E.2d 774, 777 (1983) (internal citations omitted). In *Greer,* the Court of Appeals held that the two statutes at issue were in direct conflict with each other and could not

both apply. *See Greer*, 58 N.C. App. 703, 294 S.E.2d 745 (1982). The Supreme Court reversed, holding that the statutes at issue were not irreconcilably in conflict. *See Greer*, 308 N.C. 515, 302 S.E.2d 774. Here, however, there is no direct conflict between the Habitual Felon Act and the Structured Sentencing Act, although the two are plainly different. In fact, the Habitual Felon Act has been amended since the enactment of the Structured Sentencing Act in 1994. *See* N.C.G.S. § 14-7.6 (amended 1994). We presume that the North Carolina General Assembly would not amend a statute that it had repealed by its own actions in a more recent statute. Therefore, we conclude that the Structured Sentencing Act did not impliedly repeal the Habitual Felon Act.

In summary, we are not persuaded by the defendant's arguments that the Habitual Felon Act was unlawfully applied to him. The Moore County District Attorney did not abuse his discretion by deciding to prosecute all persons eligible for habitual felon status. Upon the defendant's subsequent conviction, the trial judge acted properly and within his discretion in sentencing the defendant using the Structured Sentencing Act in conjunction with the Habitual Felon Act, in that the latter has not been impliedly repealed. We are bound by the previous decision of this Court in *State v. Brown*, 146 N.C. App. 299, —— S.E.2d —— (Sept. 18, 2001) (No. COA00-1039), to hold that there is no double jeopardy violation. We are also bound to reject the defendant's separation of powers claim due to this Court's decision in *Wilson*, 139 N.C. App. 544, 533 S.E.2d 865. Finding no error in the trial court's denial of defendant's motion to dismiss the habitual felon indictment, we affirm.

State's "Motion to Dismiss" denied. Defendant's "Petition for Writ of Certiorari" allowed.

Affirmed.

Judges WALKER and McGEE concur.