STATE OF NORTH CAROLINA v. VICTOR WAYNE WILLIAMS

No. COA01-632

(Filed 16 April 2002)

**1. Drugs— cocaine possession—residue in crack pipe**

The trial court did not err in a prosecution for possession of cocaine by denying defendant's motion to dismiss for insufficient evidence where the prosecution was based on residue found in a piece of tubing used to smoke crack and defendant argued that

the residue left after the crack vaporized was not itself cocaine and that he could not possess something that could not be held and weighed separate and apart from the pipe. An SBI chemist testified that the residue was cocaine and did not testify that it could not be weighed, only that it was not weighed under SBI reporting procedures. N.C.G.S. § 90-95(a)(3) makes it unlawful for a person to possess a controlled substance without regard to quantity.

**2. Constitutional Law— double jeopardy—possession of cocaine—possession of paraphernalia—pipe containing residue**

Double jeopardy was not violated by convictions for possession of drug paraphernalia and possession of cocaine based on possession of a pipe containing cocaine residue. Each conviction requires proof of a fact or element that the other does not.

**3. Appeal and Error— preservation of issues—motion in limine—no objection at trial**

The denial of a motion in limine was not properly preserved for appellate review where defendant did not object to the introduction of the evidence at the time it was offered at trial.

**4. Sentencing— habitual offender statute**

All of defendant's arguments for dismissal of his habitual felon indictment were rejected in other opinions.

Appeal by defendant from judgment entered 9 January 2001 by Judge Melzer A. Morgan, Jr. in Moore County Superior Court. Heard in the Court of Appeals 13 March 2002.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Anne M. Middleton, for the State.*

*Cunningham, Dedmond, Petersen & Smith, L.L.P., by Bruce T. Cunningham, Jr. for defendant-appellant.*

HUNTER, Judge.

Victor Wayne Williams ("defendant") appeals judgment entered upon jury verdicts finding him guilty of felonious simple possession of a schedule II controlled substance (cocaine) and of being an habitual felon. We find no error in defendant's trial.

STATE v. WILLIAMS

[149 N.C. App. 795 (2002)]

Evidence presented at trial tended to establish that on 3 April 1998, law enforcement officers apprehended defendant at a known drug house after he absconded with a house arrest unit around his ankle. After a brief chase, defendand was apprehended and arrested. A search incident to the arrest uncovered the house arrest unit and a pipe with copper tubing commonly known as a "straight shooter" used to ingest crack cocaine. Gary McDonald, Chief of Police for the Cameron Police Department, testified that he recognized the pipe to be an "item of drug paraphernalia" that had been burned to ingest crack cocaine. McDonald further testified that the interior of the pipe contained a residue which, based on his training and experience, he knew to be cocaine.

The pipe was sent to the State Bureau of Investigation ("SBI") for analysis. SBI forensic chemist Irving Allcocks testified that although the substance contained in the pipe was not weighed on a scale, "[t]here is no doubt" that the substance was cocaine. He explained that when smoked in such a pipe, crack cocaine vaporizes from a solid into a gas. The person smoking the pipe inhales the vapors, and the inside of the pipe is left coated with cocaine residue.

The State was permitted to introduce the testimony of Officer Rodney Hardy of the Southern Pines Police Department regarding a 1994 incident involving defendant. Officer Hardy testified that defendant initiated contact with him, informed him that he was having difficulty dealing with his crack cocaine addiction, and requested to be placed "somewhere where he could dry out." Officer Hardy told defendant that he could not arrest him based on this information, and that defendant should voluntarily commit himself to hospital treatment. Defendant then removed from his pocket a "straight shooter" pipe and two baggies containing what Officer Hardy believed to be crack cocaine. Defendant was then placed under arrest. The trial court allowed Officer Hardy's testimony under the limiting instruction that it was only to be considered to the extent it might show defendant was in knowing possession of cocaine on 3 April 1998.

On 9 January 2001, a jury returned verdicts of guilty on charges of felonious possession of a schedule II controlled substance and of being an habitual felon. The trial court entered judgment thereon on 9 January 2001, sentencing defendant to 80 to 105 months in prison. Defendant was convicted earlier of possession of drug paraphernalia for his possession of the pipe, and was sentenced on 27 May 1998 to 120 days' imprisonment. Defendant does not appeal that judgment.

Defendant appeals the 9 January 2001 judgment entered upon his convictions for possession of cocaine and being an habitual felon.

Defendant makes four arguments on appeal: (1) the trial court erred in denying his motion to dismiss the possession charge for insufficient evidence; (2) his right to be free from double jeopardy was violated when he was convicted both of possessing drug paraphernalia (the pipe), and possessing the cocaine inside the pipe; (3) the trial court erred in denying his motion *in limine* to exclude evidence of the 1994 incident involving Officer Hardy; and (4) the trial court erred in denying his motion to dismiss the habitual felon indictment. For the reasons discussed below, we hold defendant received a fair trial.

I.

**[1]** Defendant first argues the trial court erred in denying his motion to dismiss the possession charge for insufficient evidence. The State must present substantial evidence of each element of the crime charged. *State v. Fleming*, 350 N.C. 109, 142, 512 S.E.2d 720, 742, *cert. denied*, 528 U.S. 941, 145 L. Ed. 2d 274 (1999). "When ruling on a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State; and the State is entitled to every reasonable inference to be drawn therefrom." *Id.*

Defendant was convicted under N.C. Gen. Stat. § 90-95(a)(3) (1999), which makes it unlawful for any person "[t]o possess a controlled substance." N.C. Gen. Stat. § 90-95(a)(3). The essence of defendant's argument is that he cannot be found guilty of possession of cocaine where the substance found in the pipe was merely residue left after the crack cocaine had vaporized, and thus was not itself cocaine, and that he cannot "possess" something that cannot itself be held and weighed separate and apart from the pipe. We disagree.

Although SBI forensic chemist Allcocks testified that the residue in the pipe resulted from the crack cocaine vaporizing from a solid into a gas, he clearly stated that the residue was nonetheless cocaine itself. Moreover, Allcocks did not testify that the cocaine was physically incapable of being weighed on any scale; rather, he stated that the cocaine was not weighed because SBI reporting procedures require that items be weighed to the tenth of a gram, and the residue quantity at issue fell somewhere between 1 to 100 milligrams.

This Court has previously held that a residue quantity of a controlled substance, despite its not being weighed, is sufficient to con-

vict a defendant of possession of the controlled substance under N.C. Gen. Stat. § 90-95(a)(3). *See State v. Thomas*, 20 N.C. App. 255, 201 S.E.2d 201 (1973), *cert. denied*, 284 N.C. 622, 202 S.E.2d 277 (1974). In *Thomas*, the arresting officers confiscated a bottle cap that dropped from the defendant's pocket. *Id.* at 256, 201 S.E.2d at 202. The bottle cap, which contained a residue substance, was sent to the SBI laboratory for testing. *Id.* An SBI chemist testified that although the residue was not weighed, it contained the substance heroin. *Id.* The chemist testified that he would estimate the weight of the residue at " 'a few milligrams,' and that while he did not quantitate the residue, 'only a small part of it was heroin.' " *Id.* The defendant argued that he could not be convicted of possession of such a minuscule amount of heroin under N.C. Gen. Stat. § 90-95(a)(3). *Id.* at 257, 201 S.E.2d at 202. This Court rejected the argument, noting that N.C. Gen. Stat. § 90-95(a)(3) makes it unlawful for any person to possess a controlled substance "without regard to the amount involved." *Id.*

As in *Thomas*, we observe that the plain language of N.C. Gen. Stat. § 90-95(a)(3), pursuant to which defendant was convicted, makes it unlawful for a person to "possess a controlled substance" without regard to quantity. Defendant has failed to cite any authority establishing that a residue quantity of cocaine is insufficient to support his conviction. The trial court properly denied defendant's motion to dismiss.

## II.

[2] Defendant next argues his right to be free from double jeopardy was violated when he was convicted both of possession of drug paraphernalia based on his possession of the pipe, and of possession of cocaine, based on the cocaine residue present in the pipe. Defendant has failed to show that he objected on this basis at trial, the result being that this assignment of error is not properly preserved for appellate review. *See* N.C.R. App. P. 10(b)(1). In any event, defendant's right to be free from double jeopardy cannot be violated by these convictions where each conviction requires proof of a fact or element that the other does not. *See State v. Perry*, 305 N.C. 225, 232, 287 S.E.2d 810, 814 (1982) (". . . 'if proof of an additional fact is required in the one prosecution, which is not required in the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same, and the plea of [double] jeopardy cannot be sustained . . . .' " (citation omitted)).

### III.

**[3]** By his third argument, defendant argues the trial court erred in denying his motion *in limine* to exclude the testimony of Officer Hardy regarding the 1994 incident in which defendant removed from his pocket a crack pipe and two baggies containing what appeared to be crack cocaine. The trial court permitted the testimony under the limiting instruction that it was for the sole purpose of establishing defendant's knowing possession of cocaine in April 1998. Defendant failed to object during trial when Officer Hardy's testimony was offered.

This Court has recently held that an objection to the denial of a motion *in limine* is insufficient to preserve for appeal the issue of admissibility of the evidence. *See State v. Gaither*, 148 N.C. App. 534, 539-40, 559 S.E.2d 212, 215 (2002); *see also State v. Hayes*, 350 N.C. 79, 80, 511 S.E.2d 302, 303 (1999) (rulings on motions *in limine* "are preliminary in nature and subject to change at trial, . . . and 'thus an objection to an order granting or denying the motion "is insufficient to preserve for appeal the question of the admissibility of the evidence" ' " (citations omitted)).

In *Gaither*, we stated that when a party appeals the denial of a motion *in limine* following the entry of a final judgment, "the issue on appeal is not actually whether the granting or denying of the motion *in limine* was error, as that issue is not appealable, but instead 'whether the evidentiary rulings of the trial court, made during the trial, are error.' " *Gaither*, 148 N.C. App. at 539, 559 S.E.2d at 215-16 (citation omitted). Thus, in order to preserve the issue of admissibility for appeal, a party must object to introduction of the evidence at the time it is offered at trial. *Id.* at 539, 559 S.E.2d at 215. Here, defendant failed to do so, and we decline to address this argument not properly preserved for our review.

### IV.

**[4]** In his final argument, defendant sets forth five "claims" as to why the trial court should have dismissed his habitual felon indictment. These exact "claims" have already been addressed and rejected by this Court. First, defendant argues that the Structured Sentencing Act implicitly repealed the Habitual Felon Act because there is an irreconcilable conflict between the two, namely, that the laws conflict as to what kind of habitual offender deserves the most punishment. We specifically rejected an identical argument in *State v. Parks*, 146 N.C.

App. 568, 553 S.E.2d 695 (2001), *appeal dismissed and disc. review denied,* 355 N.C. 220, 560 S.E.2d 355 (2002), wherein we stated: "We find no 'irreconcilable conflict' between the two Acts and note that North Carolina appellate courts have repeatedly upheld the use of the two Acts together, as long as different prior convictions justify each." *Id.* at 572, 553 S.E.2d at 697.

Second, defendant argues that the simultaneous application of the Structured Sentencing Act and the Habitual Felon Act violates his constitutional right to be free from double jeopardy. This specific argument has likewise been rejected. *See State v. Brown,* 146 N.C. App. 299, 301, 552 S.E.2d 234, 235 (noting our appellate courts have previously addressed and rejected double jeopardy challenges to this State's Habitual Felon Act), *appeal dismissed and disc. review denied,* 354 N.C. 576, 559 S.E.2d 186 (2001). In *Brown,* we observed that

> neither structured sentencing nor the Habitual Felons Act was used to punish the defendant for his prior convictions. Rather, both laws were used to enhance the defendant's punishment for his current offense. Therefore, we conclude the Habitual Felons Act used in conjunction with structured sentencing did not violate the defendant's double jeopardy protections.

*Brown,* 146 N.C. App. at 302, 552 S.E.2d at 236.

Third, defendant maintains that the Habitual Felon Act, as applied to him personally, violates his equal protection rights. Specifically, defendant argues that Moore County's general policy of indicting all eligible offenders as habitual felons, as opposed to exercising its discretion on a case by case basis, violates equal protection because not all counties have the same policy, and the law is thus being selectively applied. This Court addressed an identical challenge to Moore County's policy of indicting habitual felons in *Parks.* We held that the Moore County District Attorney properly exercised his discretion in deciding to prosecute all eligible offenders for habitual felon status, and that this policy did not violate the equal protection clause. *Parks,* 146 N.C. App. at 573, 553 S.E.2d at 697; *see also State v. Brown,* 146 N.C. App. 590, 591-92, 553 S.E.2d 428, 429 (2001) (likewise rejecting equal protection challenge to Moore County policy); *State v. Wilson,* 139 N.C. App. 544, 550-51, 533 S.E.2d 865, 870, *appeal dismissed and disc. review denied,* 353 N.C. 279, 546 S.E.2d 394 (2000).

Fourth, defendant argues that the Moore County prosecutor's failure to exercise his discretion in deciding whether to indict defendant as an habitual felon constituted a violation of the principle of separation of powers. This challenge to Moore County's policy of indicting all eligible habitual felons was at issue in *Wilson*. We rejected the argument, holding that "[o]ur courts have held the procedures set forth in the Habitual Felon Act comport with a criminal defendant's federal and state constitutional guarantees." *Wilson*, 139 N.C. App. at 550, 533 S.E.2d at 870; *see also Brown*, 146 N.C. App. at 591-92, 553 S.E.2d at 429 (rejecting separation of powers challenge to Moore County policy of indicting all eligible offenders for habitual felon status).

Finally, defendant argues that the Habitual Felon Act is ambiguous as to when one becomes an habitual felon. This Court has held that no such ambiguity exists. *See Brown*, 146 N.C. App. at 592-93, 553 S.E.2d at 429-30. These arguments are overruled. Defendant's trial and sentencing were free of error.

No error.

Judges WALKER and BRYANT concur.