**STATE v. GIBSON**

[175 N.C. App. 223 (2005)]

STATE OF NORTH CAROLINA v. JAMES CHARLES GIBSON

No. COA05-548

(Filed 20 December 2005)

## Sentencing— habitual felon—equal protection—cruel and unusual punishment—proportionality

The trial court did not err by denying defendant's motion to dismiss an habitual felon indictment even though defendant contends it violated the equal protection clause under the Fourteenth Amendment and the cruel and unusual punishment clause under the Eighth Amendment based on the fact that the District Attorney in Moore County has exercised his discretion in deciding to prosecute all persons eligible for habitual felon status which is allegedly different from the way similarly situated persons are treated in other North Carolina counties, because: (1) there may be selectivity in prosecutions and the exercise of this prosecutorial prerogative does not reach constitutional proportion unless there is a showing that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification; (2) defendant failed to provide evidence to substantiate intentional discrimination but instead relies solely on statistics regarding the number of convictions in Moore County and Randolph County; (3) without substantial evidence of intentional discrimination and absent a showing by defendant that the prosecutorial system was motivated by a discriminatory purpose and had a discriminatory effect, the District Attorney has not abused his prosecutorial discretion in deciding to seek indictments against all eligible individuals; and (4) the sentence imposed under the habitual felon laws is not so grossly disproportionate as to constitute cruel and unusual punishment.

Appeal by defendant from a judgment consistent with a felony conviction on 6 January 2005[1] by Judge Henry E. Frye, Jr. in Moore County Superior Court. Heard in the Court of Appeals 2 November 2005.

---

1. By orders dated 30 June and 1 July 2005, this Court granted defendant's motion for consolidation of COA05-548 and COA05-549 **for hearing only**. Therefore, two separate opinions are issued. See State v. Blyther, 175 N.C. App. ——, —— S.E.2d —— (COA05-549) (2005).

*Attorney General Roy Cooper, by Assistant Attorney General Lisa Bradley Dawson, for the State.*

*Bruce T. Cunningham, Jr. for defendant.*

BRYANT, Judge.

James Charles Gibson (defendant) appeals from a judgment consistent with a felony conviction on 6 January 2005. Defendant pled guilty to attaining the status of an habitual felon and received seventy to ninety-three months imprisonment.

On 10 January 2003, defendant broke into a store at 1:00 a.m. and removed eight cartons of cigarettes. He was arrested and charged with breaking and entering and larceny. Defendant appeals.

Defendant contends the trial court erred in denying a motion to dismiss an habitual felon indictment in violation of the equal protection clause (Fourteenth Amendment) and cruel and unusual punishment clause (Eighth Amendment) under the U.S. Constitution.

Pursuant to N.C. Gen. Stat. § 14-7.1 "any person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon." N.C.G.S. § 14-7.1 (2003). In order for a selective prosecution claim to prevail, defendant must show the prosecutorial system was motivated by a discriminatory purpose and had a discriminatory effect. *State v. Garner*, 340 N.C. 573, 588, 459 S.E.2d 718, 725 (1995); *State v. Spicer*, 299 N.C. 309, 312, 261 S.E.2d 893, 896 (1980); *State v. Wilson*, 311 N.C. 117, 123, 316 S.E.2d 46, 51 (1984). To demonstrate such intentional discrimination, the defendant must allege " 'that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' " *Id.* at 123-24, 316 S.E.2d at 51 (quoting *Oyler v. Boles*, 368 U.S. 448, 456, 7 L. Ed. 2d 446, 453 (1962)). In deciding who will and who will not be prosecuted, district attorneys must weigh many factors such as the likelihood of successful prosecution, the social value of obtaining a conviction as against the time and expense to the State, and his own sense of justice in the particular case. *See State v. Dammons*, 159 N.C. App. 284, 583 S.E.2d 606, *rev. denied*, 357 N.C. 579, 589 S.E.2d 133 (2003), *cert. denied*, 541 U.S. 951, 158 L. Ed. 2d 382 (2004); *see also State v. Cates*, 154 N.C. App. 737, 740, 573 S.E.2d 208, 210 (2002) (concluding that it was within the prosecutor's discretion to select among the defendant's prior convictions for pur-

poses of proving his habitual felon status and calculating his prior record level), *disc. rev. denied*, 356 N.C. 682, 577 S.E.2d 897 (2003). The proper exercise of a prosecutor's broad discretion in his consideration of factors which relate to the administration of criminal justice aids tremendously in achieving the goal of fair and effective administration of the criminal justice system. *Spicer*, 299 N.C. at 311-12, 261 S.E.2d at 895.

In the present case, defendant was prosecuted in Moore County and asserts he has been selectively prosecuted as an habitual felon. To support his claim, defendant states that there have been substantially more convictions of habitual felon indictments in Moore County than there have been in Randolph County over a nine-year period. Defendant argues that because the District Attorney of Moore County has a policy of prosecuting all persons potentially eligible for habitual felon status, such persons are treated differently in Moore County from the way similarly situated persons are treated in other North Carolina counties, counties where an habitual felon prosecution may or may not occur. Defendant argues he belongs to a protected class of individuals that can be precisely described and that a fundamental right is involved.

It is well established that there may be selectivity in prosecutions and that the exercise of this prosecutorial prerogative does not reach constitutional proportion unless there is a showing that the selection was deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification. *State v. Wilson*, 139 N.C. App. 544, 550, 533 S.E.2d 865, 870 (citations omitted). Here, defendant pled guilty to attaining the status of an habitual felon. *See State v. Parks*, 146 N.C. App. 568, 572, 553 S.E.2d 695, 697 (2001) ("North Carolina appellate courts have repeatedly upheld the use of [the Habitual Felon Act and Structured Sentencing Act] together, as long as different prior convictions justify each."), *disc. rev. denied*, 355 N.C. 220, 560 S.E.2d 355, *cert. denied*, 537 U.S. 832, 154 L. Ed. 2d 49 (2002). Further, the District Attorney for Moore County has exercised his discretion in deciding to prosecute all persons eligible for habitual felon status. The defendant fails to provide evidence to substantiate intentional discrimination and relies solely on statistics regarding the number of convictions in the two counties. Without substantial evidence of intentional discrimination, and further, absent a showing by defendant that the prosecutorial system was motivated by a discriminatory purpose and had a discriminatory effect, the District Attorney of Moore County has not abused his prosecutorial discre-

tion in deciding to seek indictments against all eligible individuals. *See Parks*, 146 N.C. App. at 570-71, 553 S.E.2d at 695. This assignment of error is overruled.

Defendant also argues there is a "gross disproportionality" between his seventy to ninety-three month sentence and his crime of stealing eight cartons of cigarettes. In *State v. Hensley*, the defendant argued that his sentence to a term of imprisonment of a minimum of ninety months to a maximum of one-hundred-seventeen months under the Habitual Felon Act was disproportionate to the crime of obtaining property by false pretenses. *State v. Hensley*, 156 N.C. App. 634, 636, 577 S.E.2d 417, 419, *disc. rev. denied*, 357 N.C. 167, 581 S.E.2d 64 (2003). "Only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment." *Id.* The sentence imposed under the habitual felon laws is not so "grossly disproportionate" so as to result in constitutional infirmity. *Id.* at 639, 577 S.E.2d at 421.

Accordingly, we find in sentencing defendant, the trial court did not violate his constitutional rights under the Eighth and Fourteenth Amendment. This assignment of error is overruled.

No error.

Judges HUDSON and CALABRIA concur.